17938 ·

N. A. MARTIN, Plaintiff-Appellant, v. SOUTHERN RAILWAY COMPANY, Defendant-Respondent

(126 S. E. (2d) 365)

*Messrs. Bolt & Bowen,* of Greenville, *for Appellant,*

*Messrs. F. Dean Rainey* and *Rainey, Fant & Horton,* of Greenville, *for Respondent,*

June 25, 1962.

BUSSEY, Justice.

In this action the plaintiff seeks to recover damages from the defendant because of the alleged wrongful discharge of the plaintiff by the defendant, in violation of a contract. The defendant's motion for a directed verdict was granted by the circuit judge on the following grounds:

"That the plaintiff failed to make out a cause of action in that there was no evidence from which it could be reasonably inferred that the defendant breached any contractual obligation which it owed the plaintiff.

"That the only reasonable inference to be drawn from the evidence is that the plaintiff was not discharged until after all contractual obligations had been complied with."

The plaintiff appealed from the order directing a verdict against him and also challenges certain rulings of the circuit judge in the course of the trial.

The plaintiff, a resident of Georgia, was employed by the defendant for many years as a conductor. It is conceded that during this period of time the defendant had in effect Operating Rule G which provided:

"The use of intoxicants or narcotics at any time is detrimental to good service and is cause for discipline. Employees who indulge in the use of intoxicants or narcotics while on duty, or who report for duty while under the influence of either, will be dismissed."

It is further conceded that at all pertinent times there was in effect between the defendant and "Order of Railway Conductors and Brakemen" an agreement which inured to the benefit of the plaintiff. Article 31 of said agreement reads as follows:

"Conductors will not be discharged or demerited without an investigation, which will be made by a proper officer within five days if possible, and in their presence. They will have the privilege of bringing to the investigation, to assist them a representative of their own selection, provided such person is an employee in good standing. If found blameless, they will be paid for time lost. If discharged, they will be furnished with a letter showing cause of dismissal, term of service, and the capacity in which employed * * *."

On December 14, 1958, while the plaintiff was on a run from Salisbury, North Carolina, to Atlanta, Georgia, there is evidence to the effect that the plaintiff and the roundhouse foreman for the defendant in Spartanburg, South Carolina, had a disagreement as to whether the train conducted by the plaintiff was in safe condition to proceed to Greenville. Following this disagreement the plaintiff proceeded with the train to Greenville, and the foreman called the chief dispatcher at Greenville and told him "to tell Mr. Henley to meet Train 19 and talk to the conductor, that there was something wrong with him."

As a result of this report the trainmaster, accompanied by several other officials of the railroad, met the train upon its arrival in Greenville where the plaintiff was relieved from duty upon the ground that he was under the influence of liquor, but was allowed to continue on the train to his home in Lula, Georgia.

Pursuant to notice from the defendant that he had been officially charged with violation of "Operating Rule G while acting as a conductor on Train 19, passing Greenville on December 14", a hearing was held at the office of the superintendent on December 16, 1958, in which hearing both plaintiff and defendant participated, both producing witnesses. The following day, the superintendent of the defendant wrote a letter to plaintiff dismissing him from service and stating the cause as violation of Operating Rule G on the occasion referred to. Thereafter plaintiff's representatives appealed the matter to various officers of the railroad in accordance with his rights under the agreement. Meeting with no success in these efforts, the plaintiff elected not to pursue the matter before the National Railway Adjustment Board, as he had a right to do under the Railway Labor Act, and instituted this action for alleged breach of contract.

Briefly stated, the contention of the defendant before the court below and here is that while it admittedly had no right to discharge the plaintiff without good or sufficient cause, that when it had complied with Article 31 of the agreement as to a hearing and thereafter decided the issue of good or sufficient cause adversely to the employee, its decisions thereabout are final and binding upon the employee and the employee cannot recover in an action for wrongful discharge in the absence of a showing of bad faith or arbitrary action on the part of the defendant. The circuit judge agreed with this contention. The plaintiff, however, contends that he is entitled to have a jury pass upon the issue of whether, in point of fact, he violated Rule G as charged by the defendant and, if, in point of fact he did not violate the rule, he is entitled to recover for wrongful discharge in violation of the contract, without being required to prove bad faith or arbitrariness on the part of the defendant.

The precise issue before us for determination has not heretofore been passed upon by this court. There have been several cases before this court involving somewhat similar con-

tracts although the precise issues were not the same. This court, in the case of *Johnson v. American Railway Express Co.,* 163 S. C. 191, 161 S. E. 473, had occasion to construe a contract which contained provisions substantially identical with the contractual provisions here involved. There, the court said:

"While the term of service of the plaintiff was clearly indefinite, it appears that the clause in the agreement between the union and the express company had the effect of limiting the indefiniteness of the term and the consequent right of the company to discharge an employee, with or without cause, by *providing, in effect, that the company could not discharge an employee without cause, at all,* and that it could not discharge one with cause until an investigation establishing the alleged charge against him had been formally made after due notice to the employee and an opportunity to appear personally and with a representative. We think that this view is sustained by the further provision in the agreement that if the charge should not be sustained the employee should be restored to his position." (Emphasis added.)

In that case no hearing had been accorded the employee so that the question of the effect of a hearing, if any, was not before the court.

The issue here presented has, however, been before a number of courts, all of whom without exception have decided the issue adversely to the contention of the defendant here, and the decision of the court below.

In *Illinois Central R. Co. v. Moore,* 112 F. (2d) 959 (Fifth Circuit, 1940) wherein the contractual provisions were similar to the provisions here involved, the plaintiff a switchman, pursuant to the contractual provision, was accorded a hearing, just as was the plaintiff here, and discharged as "an unsatisfactory employee." He then sued for wrongful discharge. It is true, as pointed out by the lower court here, that there was some evidence that the action on the part of the railroad in that case was arbitrary, but

the decision of the court in favor of the switchman, in our view, does not turn on that point. The court, in construing the contract, said:

"The provision in the collective agreement for a hearing before the carrier's officers, with appeal to the highest, is in line with the requirements of the statute, *but neither it nor the statute intends to make the employer's adverse decision binding on the employee.* The requirement that relief be sought through the highest operating officer seems to be a prerequisite to an appeal to the Adjustment Board, but not to a suit in court." (Emphasis added.)

On appeal to the United States Supreme Court, *Moore v. Illinois Central R. Co.,* 312 U. S. 630, 61 S. Ct. 754, 85 L. Ed. 1089, it was held that a discharged employee is not required to exhaust his administrative remedies under the Railway Labor Act as a prerequisite to bringing a suit for wrongful discharge. Hence, it is clear that a failure of the plaintiff here to take the matter to the National Adjustment Board is no bar to this action.

In *Oswald v. Chicago, B. & Q. R. Co.,* 200 F. (2d) 549 (Eighth Circuit, 1952) the discharged employee was not accorded a hearing but the absence of a hearing did not enter into the decision of the court, the holding being that the railroad employee claiming to have been wrongfully discharged may maintain an action for recovery of damages for the breach of his contract of employment regardless of The Railway Labor Act.

The case of *Moore et al. v. Missouri Pacific R. Co.,* 264 F. (2d) 754 (Fifth Circuit, 1959), involved similar contractual provisions, and both of the plaintiffs therein were discharged following an investigation and full hearing, just as was done in the instant case. The District Judge there, just as the lower court here, proceeded on the theory that the plaintiffs could not recover in the absence of a showing that the railroad officials had acted capriciously, arbitrarily, unfairly or dishonestly, and so charged the jury. The jury

returned verdicts in favor of the plaintiffs, which the District Judge set aside on motions by the defendant for judgment *non obstante veredicto*. In reversing the District Court, the Court of Appeals held as follows:

"We are in no doubt: that the cases were wrongly submitted to the jury; that since the suits were, under Texas law, common lawsuits for damages for discharge, the issue was simply whether the discharges were wrongful and the burden of maintaining their rightfulness was on the defendant and not on the plaintiffs; that there was ample evidence to take the cases to the jury and to support the verdicts in plaintiffs' favor; and that the judgment *non obstante veredicto* must, therefore, be reversed."

The case of *Johnson v. Thompson* (Missouri, 1952) 251 S. W. (2d) 645 is in point on the facts with the instant case. There, a railroad conductor, just as the plaintiff here, was charged with violation of Rule G. He was accorded a hearing in acordance with the provisions of the contract, just as was the plaintiff here. The trial judge did not even submit to the jury the issue of arbitrariness on the part of the carrier, and the Supreme Court held that he was correct in not submitting that issue, saying the meritorious question was whether he was discharged "for good and sufficient cause" under the contract.

In that case a verdict in favor of the plaintiff was reversed and the cause remanded for a new trial because of an error in the charge under the law of Missouri. With respect, however, to the issue of wrongful discharge, the court held that under the evidence, the wrongful discharge of the plaintiff for violation of Rule G was a question of fact for the jury, there being conflicting evidence as to whether the plaintiff in fact had violated the rule, as contended by the defendant.

Since, in our view, this case must be remanded for a new trial, we will refrain from a discussion of the evidence, except to say that there was a sharp conflict in the evidence,

just as in the *Johnson case,* as to whether in point of fact the plaintiff did or did not violate Rule G.

In the case of *Jorgensen v. Pennsylvania R. R. Co.,* 1955, 38 N. J. Super. 317,118 A. (2d) 854, the employee, through his union agent and attorney, called for a departmental trial to which he was entitled contractually. The request was granted and, on unsworn testimony before a company official, he was found guilty. He thereafter sued for wrongful discharge and recovered a verdict. On appeal the decision of the lower court was reversed on certain grounds not here germane and also on the ground that the trial court had misconceived the nature of plaintiff's cause of action for wrongful and unlawful discharge. The appellate court, however, held that an adverse determination by an intra company tribunal did not bar the employee's action for damages for unlawful or wrongful discharge in the courts and that he was entitled to a jury trial on the issue of whether he was in fact guilty of the charge set forth in the notice of dismissal.

It will be seen from the foregoing cases that the clear weight of authority is against the contention of the defendant here, and, indeed, no case from any jurisdiction has been cited or comes to the writer's attention which even by inference supports such position.

The trial judge, we think, was led into error by the fact that in the *Johnson v. American Railway Express Co. case, supra,* and other cases decided by this court, no hearing had been held, and also by the decisions of the Fourth Circuit Court of Appeals, the case of *Steadman v. Atlantic Coast Line R. Co.,* 138 F. (2d) 691, upon which the circuit judge strongly relied in his order.

The *Steadman case* is, in our view, not at all in point. That was not a wrongful discharge case, but a case wherein an employee contended that he was entitled to a particular position by virtue of his seniority. In that case it was, in effect, conceded that under the contract, discretion was committed

to the superintendent in determining whether a particular employee was fit for a particular position. Therefore, his decision to the effect that the employee was unfit for the particular position could not be challenged in the courts in the absence of proof of bad faith or arbitrary action. Here, the contract commits no discretion to the superintendent and, in effect, provides that an employee cannot be discharged without good cause at all, as was said in the case of *Johnson v. American Railway Express Co., supra.*

While the *Steadman case* is clearly not in point, it might not be amiss to point out that in view of the later decisions of the United States Supreme Court, it appears that the Fourth Circuit Court of Appeals did not have jurisdiction to decide the issue there involved. The *Steadman case* was decided in 1943. In 1950, the United States Supreme Court filed its opinion in *Slocum v. Delaware, L & W. Ry. Co.,* 339 U. S. 239, 70 S. Ct. 577, 94 L. Ed. 795, which rather clearly indicates that the court did not have jurisdiction to decide the issue in the *Steadman case,* though in fairness to the court, it should be pointed out that the question of jurisdiction was apparently not raised. In this connection see *Isgett v. Atlantic Coast Line R. Co.,* 223 S. C. 56, 74 S. E. (2d) 220.

Of course, this being a common law action for the wrongful and unlawful breach of a contract, we are not bound by the decisions of other State Supreme Courts, nor the decisions of the Federal Courts in connection therewith, arising under the laws of other States. However, the weight of authority on the principle issue here seems to us logical and just and in keeping with what this court said in *Johnson v. American Railway Express Co., supra.* We do not think that by the contractual provision here involved the parties intended that the carrier should be the sole judge and final arbiter of whether the plaintiff was guilty or innocent. Whether or not he was wrongfully and unlawfully discharged depends on whether or not he was in fact guilty of

the conduct charged. The evidence on this point being in very sharp conflict, a jury should decide the issue.

The appellant contends that the trial court erred in
■ admitting in evidence the transcript of testimony of the investigation held in Greenville before the superintendent of the defendant, and also certain letters and copies of letters showing various appeals taken by the plaintiff. The order of the circuit judge shows that all of these were admitted for the sole purpose of allowing this court to have all of the facts before it in the event of an appeal, and that neither the letters nor the transcript was published to the jury. Under these circumstances, the admission was not prejudicial to the appellant.

The only other question raised by the appellant deals
■ with the burden of proof. The trial judge having directed a verdict, there was, of course, no charge to the jury. The plaintiff contends, however, that the trial judge's erroneous conception as to the proper rule with respect to the burden of proof was partially the basis for his having directed a verdict. Since the case will have to go back for a new trial, we deem it expedient to decide this issue.

That the contract between the brotherhood and the railroad was made for the benefit of the plaintiff was admitted by the defendant, as was his discharge from the service as a conductor. The burden was then on the defendant to prove that the discharge was for good reason or cause, as was said by the Fifth Circuit Court of Appeals in the case of *Moore v. Missouri Pacific R. R. Co., supra:*

"* * * the issue was simply whether the discharges were wrongful and the burden of maintaining their rightfulness was on the defendant and not on the plaintiffs."

This principle is in accord with the decision of this court. In *Griswold v. Texas Company,* 163 S. C. 156, 161 S. E. 409, the court said:

"A reading of the entire charge, which will be reported with the case, shows that the trial judge placed no greater burden on the defendant than the law requires. The burden was on the plaintiff to prove, by the greater weight of the evidence, that he had a contract with the defendant for a term of one year, as plaintiff alleged, but once this allegation was proven, if it was so proven, it was then incumbent on the defendant to prove by the greater weight of the evidence that there was just cause for the plaintiff's discharge in order to be relieved of liability to the plaintiff in damages growing out of such alleged unlawful discharge."

The foregoing authorities are in accord with the general rule throughout the United States.

"Although there is some authority to the contrary, as a general rule, where a servant enters on his duties and continues until he is dismissed, he need not prove that he performed his services faithfully, as a presumption arises that such is the fact, and the burden of proving a sufficient cause for his discharge is on the master, and this burden does not shift to the employee by reason of an allegation in his complaint that he was dismissed without good cause." 56 C. J. S., Master and Servant, § 53, pp. 454, 455.

"The Defendant, of course, has the burden of proving justification for the discharge. The law will not assume that a servant has been derelict in his duty from the fact that he has been discharged; and when he claims for damages as for a wrongful discharge, the burden rests upon the employer to prove incompetence, negligence, etc., as a justification." 35 Am. Jur., Master and Servant, § 59, p. 495.

Reversed and remanded for a new trial.

TAYLOR, C. J., Moss and LEWIS, JJ., and LEGGE, Acting Associate Justice, concur.