18222

N. A. MARTIN, Respondent, v. SOUTHERN RAILWAY COMPANY, Appellant

(136 S. E. (2d) 907)

316

*Messrs. Rainey, Fant & Horton,* of Greenville, *for Appellant,*

*Messrs. Bolt & Bowen,* of Greenville, *for Respondent,*

June 8, 1964.

LEWIS, Justice.

The plaintiff, 62 years of age at the time and an employee of the defendant for 42 years, was discharged by the defendant from his job as railroad conductor, upon the ground that he was under the influence of liquor while on duty in violation of defendant's Operating Rule G which provided that "Employees who indulge in the use of an intoxicant or narcotic while on duty, or who report for duty while under the influence of either, will be dismissed." The plaintiff unsuccessfully contested the charges in various hearings before officials of the defendant and subsequently instituted this action to recover damages for his alleged wrongful discharge, alleging that he had been discharged without sufficient cause in violation of the collective bargaining agreement then in effect between the defendant and The Order of Railway Conductors and Brakemen, in which order he was a member in good standing at the time of his discharge.

This case had been tried three times. The first trial resulted in a mistrial when the jury was unable to agree. The second resulted in a directed verdict for the defendant. On

appeal from that judgment, we reversed and remanded the case for a new trial. *Martin v. Southern Railway Company,* 240 S. C. 460, 126 S. E. (2d) 365. Upon a retrial of the case, a verdict was rendered for the plaintiff for the sum of $25,000.00, and this appeal is by the defendant from that judgment. The questions to be decided concern (1) the refusal by the lower court of defendant's motion for a directed verdict and (2) the admissibility of certain testimony.

The facts in this case were reviewed in the opinion in the former appeal and we refer to them again only in so far as necessary for an understanding of the issues made in this appeal.

The plaintiff bases his action for wrongful discharge upon the alleged violation by the defendant of an agreement between the labor union and his employer. The agreement admittedly inured to plaintiff's benefit. The testimony shows that there was in effect between the defendant and The Order of Railway Conductors and Brakemen an agreement relating to the requirements and procedures for discipline and discharge of railway conductors. This agreement provided, in the event of discipline or discharge of a conductor by the defendant, for an investigation of the charges, hearings thereon, and for the right of appeal to various officials of the railroad. Article 31 of this agreement is in part as follows:

"Conductors will not be discharged or demerited without an investigation, which will be made by proper officer within five days if possible, and in their presence. They will have the privilege of bringing to the investigation to assist them a representative of their own selection. If found blameless they will be paid for time lost. If discharged, they will be furnished with a letter showing cause of dismissal, term of service, and the capacity in which employed. If demerited, they will be furnished with a written notice of same."

As a result of the charges against the plaintiff for violation of the rule of the defendant against the use of in-

toxicants while on duty, a hearing was held before the Superintendent of the defendant, which resulted in the discharge of the plaintiff from his job. The matter of plaintiff's dismissal was appealed without success to various officers of the railroad in accordance with plaintiff's rights under the agreement between the defendant and The Order of Railroad Conductors and Brakemen. Thereafter, the plaintiff elected not to pursue the matter before the National Railway Adjustment Board, as he had a right to do under the Railway Labor Act, and instituted this action to recover damages from the defendant because of his alleged wrongful discharge in violation of the above mentioned agreement.

It is conceded that the testimony is in sharp conflict as to whether the plaintiff was guilty of the violation of Rule G, for which he was admittedly discharged.

The defendant first charges error on the part of the lower court in refusing its timely motion for a directed verdict upon the ground that the plaintiff failed to establish any liability upon the part of the defendant for plaintiff's discharge in that (1) there was no evidence that the defendant failed to comply with the contract procedure for handling his discharge, (2) that the evidence failed to show bad faith or arbitrariness on the part of defendant in discharging the plaintiff, and (3) that the plaintiff's contract of employment was one of indefinite duration terminable at the will of either party and, therefore, plaintiff's discharge afforded no legal basis for complaint. These issues were decided adversely to the contentions of the defendant in the prior appeal in this case. It was there held that:

(1) While the term of service of the plaintiff was in some respects indefinite, the agreement between the defendant and The Order of Railway Conductors and Brakemen had the effect of limiting the indefiniteness of the term and the right of the defendant to discharge the plaintiff, with or without cause, by providing, in effect, that the defendant could not discharge an employee without cause, and that it

could not discharge one with cause until it had complied with the provisions of the contract;

(2) The contract between the defendant and the union was one which inured to the benefit of the plaintiff as a member in good standing in said order, and that the plaintiff had an enforceable interest in the contract in so far as the provisions for his interest were concerned;

(3) Neither the unsuccessful exhaustion of the contract procedures for appeal by the plaintiff to various officers of the defendant with regard to his discharge, nor failure to take the matter of his discharge to the National Railway Adjustment Board, barred this action against the defendant for wrongful discharge; and

(4) The plaintiff was entitled in this case to have a jury pass upon the issue of whether, in point of fact, he violated Rule G as charged by the defendant and, if, in point of fact, he did not violate the rule, he was entitled to recover for his wrongful discharge in violation of the contract, without being required to prove bad faith or arbitrariness on the part of the defendant.

The exceptions, which charge error in the refusal of the lower court to direct a verdict in favor of the defendant, constituted an attack upon the holdings in the prior appeal of this case. The defendant says that we incorrectly decided the issues. At its request, we have reviewed our prior decision in the light of the additional arguments made, but find nothing to change our views upon the legal issues involved. Adherence to those views requires that these exceptions be overruled.

The remaining questions arise under exceptions charging error in the rulings of the trial judge as to the admissibility of certain testimony.

The plaintiff was discharged by the defendant because it was claimed that he was under the influence of intoxicants while on duty on December 14, 1958 on a run from Salisbury, North Carolina to Atlanta, Georgia.

During the trial, the plaintiff was permitted, over the objection of the defendant, to introduce testimony to show that, in the performance of his duties as conductor on the occasion in question and a short time before being relieved of his duties at Greenville, South Carolina, because of alleged intoxication, he inspected the train at one of the stops, found a badly worn brake shoe on one of the cars, reported this condition to the roundhouse foreman at Spartanburg, South Carolina, and had a disagreement with the foreman as to whether the train was in safe condition to proceed to Greenville. The objection of the defendant to the foregoing testimony was made upon the ground that it was irrelevant since the condition of the train played no part in plaintiff's discharge. The plaintiff contended at the time that the testimony was relevant upon two grounds, namely: (1) To show that the plaintiff was discharged for reasons other than those given at the time of his discharge and (2) as a part of the circumstances bearing upon whether the plaintiff was under the influence of intoxicating beverages. In overruling defendant's objection, the trial judge stated: "I am going to let them go into it to show the circumstances."

Neither the complaint nor the answer set forth the specific grounds for plaintiff's discharge. The basis and justification for his discharge were, therefore, matters of proof. The defendant conceded, however, that the basis of plaintiff's discharge was his alleged intoxication while on duty. While the record does not clearly show the purpose for which the testimony was admitted, there can be no doubt of its relevancy upon the issue of plaintiff's intoxication. On the question of intoxication, it was proper to show all of the facts and circumstances connected with the charge as they reflected upon the mental and physical condition of the plaintiff, such as his appearance and conduct on the occasion in question. The testimony related to the conduct of the plaintiff and the manner in which he was performing his duties at the time when the defendant claimed that he was intoxicated, and was properly admitted by the trial judge.

Finally, error is charged in the refusal of the trial judge to allow a witness to answer a question asked by defendant's counsel. The defendant's Train Master was the official who relieved the plaintiff from his duties. This official was called as a witness and was asked the following question by counsel for the defendant: "Did you know of any reason why anyone with the Southern Railroad would want to get rid of him (plaintiff) before that night?" His answer was "No, sir," but upon objection by the plaintiff the testimony was ordered stricken by the court.

Assuming that the testimony might have been properly admitted by the trial judge, prejudicial error in its exclusion has not been shown. The record contains no intimation that anything occurring prior to the date of plaintiff's discharge influenced the actions of the officials of the defendant in dismissing him. The testimony in the case was confined to the conduct of the plaintiff on the occasion in question as the basis for his discharge. The defendant's witnesses testified that they had no ill will toward the plaintiff. One of them stated that he had known plaintiff for a number of years and that, prior to his discharge, he was "a very able and efficient conductor." In view of these circumstances, the exclusion of the foregoing question and answer could not have been prejudicial to the defendant.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.