19279

George F. HAWORTH, Respondent, v.
WHITE STACK TOWING COMPANY, Appellant
(183 S. E. (2d) 320)

*Yelverton Cowherd, Jr., Esq., Smith & Smith,* of Co-
lumbia, *for Defendant-Appellant,*

C. D. Hopkins, Jr., Esq., of Hanahan, for Plaintiff-Respondent,

August 27, 1971.

LEWIS, Justice.

Plaintiff instituted this action to recover wages lost by reason of his alleged wrongful discharge from the employment of defendant. Defendant admitted in its answer that plaintiff was discharged from his employment but alleged in the eighth paragraph thereof, as a complete defense to the action, that, pursuant to the provisions of a collective bargaining agreement between defendant and a labor union, of which plaintiff was a member, the factual issues with respect to plaintiff's discharge were submitted to a final and binding arbitration which resulted in a finding that his discharge was for just cause.

Plaintiff demurred to the foregoing allegations of the answer upon the ground that they failed to constitute a defense to the cause of action set forth in the complaint. The demurrer was sustained upon the authority of *Martin v. Southern Rwy. Co.*, 240 S. C. 460, 126 S. E. (2d) 365; and 244 S. C. 315, 136 S. E. (2d) 907. Defendant has appealed from the order sustaining the demurrer.

There is no disagreement between the parties as to the factual admissions made by the demurrer. Plaintiff was employed by the defendant and was a member of the National Maritime Union, AFL-CIO, with which defendant had in effect a bargaining agreement. The bargaining agreement between defendant and the labor union

covered all terms and conditions of plaintiff's employment, and included a provision for the settlement of disputes between defendant and the labor union or defendant's employees through final and binding arbitration.

Plaintiff was discharged from his employment on October 17, 1969. Upon his discharge, he filed a grievance under the procedures set forth in the foregoing bargaining agreement, claiming that he was wrongfully discharged. The question of whether he was wrongfully discharged was referred to a mutually acceptable arbitrator who, on April 29, 1970, after a full hearing, at which the plaintiff and defendant were represented by counsel, found that defendant was justified in discharging the plaintiff.

This action was subsequently instituted on May 30, 1970, by the plaintiff to recover damages (lost wages) sustained by reason of his alleged wrongful discharge.

The sole question at issue is whether the arbitration and award constitutes a defense to this action. We have concluded that it does.

Ordinarily, where an arbitration award has been consummated in accordance with the agreement of the parties, both parties are bound by the finding of the arbitrator as to the merits of all matters within the scope of the award. 6 C. J. S. Arbitration and Award §95; and 5 Am. Jur. (2d), Arbitration and Award, Sections 146 and 147.

It is conceded that the parties submitted to final and binding arbitration the issue as to whether plaintiff was wrongfully discharged from his employment. A full hearing was held before a mutually selected arbitrator at which both plaintiff and defendant were represented by counsel and presented evidence. The arbitrator thereafter rendered a decision in which he found that the discharge of plaintiff was justified. The legality of the arbitration proceedings and the award are not questioned. The present action is based upon the identical issues submitted and determined in the arbitration award.

Under the foregoing circumstances, both plaintiff and defendant were bound by the finding of the arbitrator that plaintiff was not wrongfully discharged, and precludes the relitigation of that issue in this action. The lower court was therefore in error in sustaining the demurrer.

Plaintiff and the lower court mistakenly rely on the decision in the *Martin* case, *supra,* as conclusive of the present issue. *Martin* did not involve the submission of issues to a final and binding arbitration and upon that ground, as well as others, is clearly distinguishable.

The judgment of the lower court is accordingly reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.