16009

MONTGOMERY v. SERVICE OIL CO., INC., *ET AL.*
(45 S. E. (2d) 31)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Appellant,

*Messrs. Perrin, Tinsley & Perrin,* of Spartanburg, for Respondent,

November 11, 1947.

STUKES, J.: The complaint in this action for damages resulting from a collision between plaintiff's passenger automobile and a truck alleges that the defendant, Service Oil Company, Inc., owned the truck which it leased to its co-defendant, War Emergency Cooperative Association, in 1945 and thereby gave control of it as if it were owned by the lessee. It is then alleged "that the tractor (truck) of the defendants herein, driven by their agent and servant", was operated negligently, carelessly, willfully and recklessly, in specified particulars, at the time of the collision. Other allegations in the complaint are to the same effect, to wit, that the driver of the truck at the time of the accident was the agent and servant of the defendants, and that the alleged tortious acts were by the defendants through their alleged agent and servant, the driver of the truck. The complaint contains other allegations usual in the statement of such a cause of action and the prayer is for judgment against both defendants.

War Emergency Cooperative Association demurred upon the ground that two causes of action are improperly joined and that there is no statment of a cause of action upon joint liability, for one of the defendants is alleged to have been the owner of the offending vehicle and the other the lessee. The same defendant moved for an order requiring the separate statement of the alleged several causes of action, and that the plaintiff be required to elect as to which defendant he will proceed against. The demurrer was overruled and the motion refused by formal orders of the Circuit Court. From such, War Emergency Cooperative Association presses this appeal.

Appellant states the issues raised by the exceptions as follows: In an action for damages arising out of collision between automobile and truck-tractor against both owner and lessee of truck-tractor is not action against both owner and lessee inconsistent and incompatible so that action can proceed only against one or the other, but not both? If action can proceed against both in the same complaint should not the causes of action against them be separately stated?

It is apparent that appellant has confused the statement of two causes of action with the statement of one cause of action against jointly liable defendants. Liberally construed, as it must be under the Code, the complaint states one cause of action in tort for damages against two defendants who are jointly and severally liable. Of course, this is permissible. The demurrer and motion were properly overruled.

*Walker v. McDonald,* 136 S. C. 231, 134 S. E. 222, is cited by appellant. There involved was the attempt to join separate causes of action which were inconsistent with each other, and the rule was stated relating to the rare occasion when such may be done. The unquestioned authority of the decision is inapplicable here. The author of the opinion said this in the subsequent case of *Fant v. Brissey,* 143 S. C. 264, 141 S. E. 450, 453, which is relevant

to the denial of the demurrer here: "It is well settled that a demurrer for misjoinder of parties will not lie. *Wright v. Willoughby*, 79 S. C. 438, 60 S. E. 971. A demurrer for defect of parties will lie, but not for a multiplicity."

It is necessary to keep in mind that the facts alleged in the complaint and all reasonable inferences derivable from them are taken as true in the consideration of the appeal. If one of the defendants was solely responsible for the operation of the truck at the time of the collision, the remedy of the other lies in answer and proof upon trial to that effect. The facts will control and they are within the knowledge of the defendants. However, they cannot avail themselves of contrary facts by demurrer and motions at this stage, in view of the allegations of the complaint which have been stated. These allegations were properly deemed by the lower court to be true, for the purpose of the consideration of the demurrer and motion. There was no error in the orders overruling them.

Affirmed.

BAKER, CJ., and FISHBURNE, TAYLOR and OXNER, JJ., concur.