19472

Sue H. HUTTO, Respondent, v. SOUTHERN FARM BUREAU
LIFE INSURANCE COMPANY, Appellant

(191 S. E. (2d) 7)

*C. Pinckney Roberts, Esq., of Roberts, Jennings & Thomas,* Columbia, *for Appellant,*

*E. Pickens Rish, Esq.,* of Lexington, *for Respondent,*

August 10, 1972.

BRAILSFORD, Justice:

In this action for fraud and deceit in the inception of an insurance contract, the jury awarded plaintiff a verdict for $2,500.00, and the court denied defendant's motion for judgment *non obstante veredicto*. The defendant has appealed on a single exception, as follows:

"The trial court erred in denying the defendant's motions for a directed verdict and for judgment notwithstanding the verdict, the error being that from all the evidence the only reasonable inference is that the plaintiff failed to establish reasonable reliance upon the truth of the alleged oral misrepresentation by the defendant's agent, for the reason that her failure to read the written policy in her possession for over eight months is gross negligence, which bars her reasonable reliance upon the truth of the alleged misrepresentation as a matter of law."

As indicated by the exception, the defendant concedes the sufficiency of the evidence to establish a material misrepresentation fraudulently made by its agent at the inception of the contract, but challenges plaintiff's right of reliance thereon upon the ground that the truth could have been ascertained by reading the policy, which had been in her possession for eight months before she discovered the discrepancy in its terms.

Defendant relies upon the general rule that ordinarily one cannot complain of fraud in misrepresenting the contents of a written instrument when the truth could have been ascertained by reading it, and one entering into a written contract must avail himself of every reasonable opportunity to understand its terms. *Guy v. National*

*Old Line Ins. Co.,* 252 S. C. 47, 164 S. E. (2d) 905 (1968) ; 10 West's South Carolina Digest, Fraud, Key No. 22(1) (1952).

But in the case at hand the application was signed, ■ and the first monthly premium of $109.09 paid, on August 27, 1969. While the effective date of the policy was October 1, 1969, it was not delivered to plaintiff until December 22, 1969, by which date three additional premiums had been paid. Hence, plaintiff's cause of action for fraud had arisen and substantial damages had accrued before she had any opportunity to read the policy.

The appeal raises no issue as to what effect plaintiff's subsequent inattention to the terms of the policy may have had on her right to recover premiums paid after December 22, 1969. The circuit court held that such inattention could not defeat her right to recover damages sustained prior to delivery of the policy. We agree. Indeed, no such defense was asserted by the answer, which merely put plaintiff to the proof of the allegations of her complaint. Her right to rely on the representations of the agent is disputed only upon the ground that she was obligated to discover the truth by reading the policy. Since this was not available to her until four months after the misrepresentation was made and the cause of action accrued, defendant's motion for a directed verdict on this ground was properly overruled.

We are aware that the facts in some of the cases ■ cited by defendant, in which the rule relied upon was held to bar recovery for fraud and deceit, may be regarded as analogous to those of this case with respect to the accrual of the cause of action prior to delivery of the policy. However, in none of them was the point made that the cause of action had matured prior to plaintiff's opportunity to read the contract. It is, of course, settled law that "a case cannot be considered as a binding precedent on a legal point that was not argued in the case and not mentioned in the opinion." 20 Am. Jur. (2d), Courts, Sec. 190, p. 526 (1965).

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.