### 21337

Larry TYLER, Respondent, v. MACKS STORES OF SOUTH CAROLINA, INC. and James Powell of whom, Macks Stores of South Carolina, Inc. is Appellant.

(272 S. E. (2d) 633)

*Willard D. Hanna, Jr.,* of *Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker,* Surfside Beach, *for appellant.*

*James B. Van Osdell* and *Luther O. McCutchen, III,* of *Van Osdell, Lester & Stewart,* Myrtle Beach, *for respondent.*

December 1, 1980.

LEWIS, Chief Justice:

The complaint in this matter alleges three causes of action, two of which were against the appellant and are the subject of this appeal. The trial judge relied on *Springfield v. Williams Plumbing Supply Company,* 249 S. C. 130, 153 S. E. (2d) 184, denied the appellant's demurrer to the cause of action against it, and allowed the case to go to trial without prejudice. We affirm.

The sole ground of appeal is that the demurrer should have been sustained because the facts stated do not support

publication or disclosure, necessary elements of an action for defamation in the first and second causes of action.

On review of a demurrer, it is necessary to keep in mind that the facts alleged in the complaint and all reasonable inferences derivable therefrom are taken as true in the consideration of the appeal. *Montgomery v. Service Oil Company, Inc., et al.,* 211 S. C. 324, 45 S. E. (2d) 31.

In general terms, the respondent's complaint alleges that he was an employee of the appellant, and as such, occupied a position of trust. During his employment, he was required to take a polygraph test. The test was administered over the protest of the respondent. Soon thereafter, the store manager was discharged, and subsequently, the respondent was also discharged.

The respondent contends that his discharge, following the giving of a polygraph test and the immediate firing of the manager thereafter, gave fellow employees and others the feeling and belief that he had been discharged for some wrongful activity. He concludes that this insinuation and inference of wrongdoing can amount to the publication of defamatory matter.

It is established that a defamatory insinuation may be made by actions or conduct as well as by word. 50 Am. Jur. (2d) Libel and Slander, Section 26, page 539.

We have previously held that the defamation need not be accomplished in a direct manner.

To render the defamatory statement actionable, it is not necessary that the false charge be made in a direct, open and positive manner. A mere insinuation is as actionable as a positive assertion if it is false and malicious and the meaning is plain. *Timmons v. News and Press, Inc.,* 232 S. C. 639 at 644, 103 S. E. (2d) 277 at 280.

In light of these principles and the broad allegations of the complaint, we affirm the actions of the trial judge. A novel issue such as here presented is best decided in light of the testimony to be adduced at trial. *Williams v. Streb,* 270 S. C. 650, 243 S. E. (2d) 926.

Affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.