23544

Stanley DOCKINS, Appellant v. INGLES MARKETS, INC., Respondent.

(413 S.E. (2d) 18)

Supreme Court

*Hal J. Warlick,* Easley, *for appellant.*

*Carroll H. Roe, Jr.,* Greenville, and *Michael V. Mathews* and *John O. Pollard,* Charlotte, N.C., *for respondent.*

Heard Nov. 1, 1991; Decided Jan. 6, 1992.

Reh. Den. Feb. 4, 1992.

TOAL, Justice:

The dispositive issue in this appeal is whether an employee can maintain state action for wrongful discharge when he or

she has been discharged in retaliation for filing a complaint under the Fair Labor Standards Act.

## FACTS

Stanley Dockins was employed by Ingles Market. Dockins alleges Ingles violated the Fair Labor Standards Act by requiring Dockins and other employees to work excessively long hours without compensation. Shortly after he reported Ingles' conduct to the United States Department of Labor, Dockins was fired. Dockins alleges his discharge was in retaliation for filing the complaint with the federal agency. Dockins brought this tort action against Ingles for wrongful discharge in the Court of Common Pleas in Anderson County. Ingles filed a motion for summary judgment asserting, among other grounds, the Fair Labor Standards Act statutory remedy precluded any claim Dockins may have under state tort law. The motion for summary judgment was granted. Dockins appeals.

Dockins, an at-will employee, argues he has a state claim under *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E. (2d) 213 (1985). In *Ludwick*, this court held when a retaliatory discharge constitutes a violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises. *Id.* at 225, 337 S.E. (2d) at 216. The employee in *Ludwick* was discharged because she complied with a subpoena to testify at a state agency hearing. This Court held the discharge was in violation of a clear mandate of public policy because it required an employee, as a condition of employment, to violate the law. *Id.* This public policy exception to the termination of at-will employees has not been extended beyond situations where the termination is in retaliation for an employee's refusal to violate the law at the direction of his employer. *Epps v. Clarendon County*, — S.C. —, 405 S.E. (2d) 386 (1991). We decline to expand this exception to the case at bar.

The Fair Labor Standards Act provides it is unlawful for any person to discharge or in any other manner discriminate against an employee because the employee has filed a complaint under the Act. 29 U.S.C. § 215(a)(3). Section 216(b) provides for civil penalties for violations of Section 215(a)(3). Under this provision an employer who violates Section 215(a)(3) shall be liable for legal and equitable relief, including without limitation employment, reinstatement, promotion,

and the payment of wages lost and an additional equal amount in liquidated damages. When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. *Campbell v. Bi-Lo*, 301 S.C. 448, 392 S.E. (2d) 477 (Ct. App. 1990). We hold this applies when the right is created by federal law as well as state law. Therefore, Dockins is limited to his remedy under the Fair Labor Standards Act.

Since it appears Dockins may have a valid claim under the Act and Ingles has not articulated any prejudice, we remand this action to the trial court with instructions to grant leave to allow Dockins to amend his complaint. S.C.R. Civ. P. 15(a).

Affirmed and remanded.

GREGORY, C.J., and HARWELL, FINNEY and CHANDLER, JJ., concur.