998 F.2d 1011
 125 Lab.Cas. P 57,426
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James A. WHITE, Plaintiff-Appellant,
v.
ROCHE BIOMEDICAL LABORATORIES, INCORPORATED, Defendant-Appellee.
 No. 93-1033.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 25, 1993.
Decided: July 7, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CA-91-3486-3-19)
 Herbert W. Louthian, Sr., Louthian & Louthian, Columbia, South Carolina, for Appellant.
 Henry S. Knight, Jr., Laura E. Zoole, Nelson, Mullins, Riley & Scarborough, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 James A. White appeals from the district court's order granting summary judgment to Defendant Roche Biomedical Laboratories, Inc., in this employment action. We affirm.
 
 
 2
 The material facts of this case are not in dispute. In May 1991, White was employed by Qualex, Inc. (Qualex) on an at-will basis. White decided to apply for a job as a driver with Roche. White completed Roche's employment application, which included an acknowledgment that his employment was contingent upon"satisfactory reference information whenever obtained, and the Company's evaluation of results of a pre-employment physical examination." (J.A. at 14.)
 
 
 3
 White then met with Wesley Shaw, Roche's branch manager, who informed White that he expected a part-time driver's position to become vacant in the near future. Shaw inquired about White's driving record; White responded that he had received three speeding citations and had been involved in one accident. Shaw informed White that he would need a copy of White's driving record and that White would have to undergo a drug screening test.
 
 
 4
 On May 23, Shaw telephoned White and offered him a job as a part-time driver to begin June 3. White accepted the offer, which was for an indefinite term of employment and did not include any terms other than White's hourly wages. Shaw again reminded White that he needed a copy of his driving record and that White would have to undergo drug testing. The following day, White delivered a copy of his driving record to Shaw and gave Qualex notice of his resignation.
 
 
 5
 Shaw telephoned White on May 27 and told him that he would not be hired because of his poor driving record. White tried to regain his job with Qualex, but was informed that the job had been filled. White's employment with Qualex ended on May 31.
 
 
 6
 We review an award of summary judgment de novo. Higgins v. E. I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in the light most favorable to the party opposing the motion. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Our review of the record in this case reveals that the district court properly granted summary judgment to Roche.
 
 
 7
 White's offer of employment with Roche was for an indefinite duration with no terms specified other than his hourly wage. Roche made no other express or implied promises to White. If White accepted this offer, under South Carolina law, the contract formed was terminable at will by either party, at any time, for any reason. Small v. Springs Indus. Inc., 388 S.E.2d 808, 810 (S.C. 1990). Neither of the two judicially recognized exceptions to the employment-at-will doctrine is alleged in this case.[1] Therefore, the district court properly found that White could not maintain a breach of contract action for termination of an at-will employment contract. Epps v. Clarendon County, 405 S.E.2d 386, 387 (S.C. 1991); Hudson v. Zenith Engraving Co., 259 S.E.2d 812, 813 (S.C. 1979).
 
 
 8
 Moreover, White's argument that his detrimental reliance on Roche's offer constituted independent consideration sufficient to remove the agreement from an at-will relationship is also without merit. Detrimental reliance on an offer of at-will employment is insufficient independent consideration to alter an otherwise at-will contract. Lewis v. FineTex Inc., 488 F. Supp. 12, 14 n.1 (D.S.C. 1977); Orsini v. Trojan Steel Corp., 64 S.E.2d 878, 880 (S.C. 1951).
 
 
 9
 Finally, the district court correctly found that Roche did not establish the elements of promissory estoppel.[2] The elements of promissory estoppel are:
 
 
 10
 1) the presence of a promise unambiguous in its terms;
 
 
 11
 2) reasonable reliance upon the promise by the party to whom the promise is made;
 
 
 12
 3) the reliance is expected and foreseeable by the party making the promise; and
 
 
 13
 4) the party to whom the promise is made must sustain injury in reliance on the promise.
 
 
 14
 Powers Constr. Co. v. Salem Carpets, Inc., 322 S.E.2d 30, 33 (S.C. Ct. App. 1984).
 
 
 15
 The district court properly found that even assuming Roche had made an unambiguous promise of employment for an indefinite duration, White's reliance on that promise was unreasonable as a matter of law, because such a promise creates no enforceable rights in favor of the employee other than the right to collect wages accrued for work performed. See Colosi v. Electri-Flex Co., 965 F.2d 500, 504 (7th Cir. 1992). Because a determining factor in deciding whether to enforce a promise under the theory of promissory estoppel is the reasonableness of the promisee's reliance, Storms v. Goodyear Tire & Rubber Co., 775 F. Supp. 862, 868 (D.S.C. 1991), White failed to establish an essential element of his cause of action for promissory estoppel.
 
 
 16
 Accordingly, the district court correctly granted Roche's motion for summary judgment on that claim as well.
 
 
 17
 We affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The two exceptions to the traditional at-will rule in South Carolina are: (1) the prohibition against terminating an employee under circumstances which violate a clear mandate of public policy, Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 215 (S.C. 1985); and (2) an employer's express alteration of the terms of the at-will agreement through some promise published by the employer in an employee handbook or policy statement and relied upon by the employee to his detriment, Small v. Springs Indus., Inc., 357 S.E.2d 452, 454 (S.C. 1987). South Carolina does not view these exceptions broadly. See Dockins v. Ingles Markets, Inc., 413 S.E.2d 18, 18 (S.C. 1992). Neither of these exceptions is alleged or applicable in this case
 
 
 [2]
 We note that although White failed to raise the issue of promissory estoppel until his response to Roche's motion for summary judgment, the district court addressed the issue in its opinion and order