24225

Cliff V. GARNER, Appellant v. MORRISON KNUDSEN CORPORATION, M-K Ferguson Corporation, Thomas Henry Aaron, Jr., and Joseph C. Hughes, Respondents.

(456 S.E. (2d) 907)

Supreme Court

*Stephen M. Kohn* and *David K. Colapinto, Kohn, Kohn & Colapinto, P.C.*, Washington, DC, and *Barry H. Johnson, Johnson, Johnson, Whittle, Snelgrove & Weeks*, Aiken, *for appellant.*

*Steven W. Riddell* and *Steven J. Whitehead, Troutman, Sanders*, Atlanta, GA, and *Robert L. Buchanan, Jr., Buchanan & Associates*, Aiken, *for respondents.*

Heard Feb. 7, 1995.

Decided Apr. 3, 1995.

MOORE, Justice:

In this wrongful discharge action, the trial judge granted respondents' motion to dismiss appellant's complaint on the ground it failed to state facts sufficient to constitute a cause of action. We reverse.

## FACTS

Appellant was employed as a pipe fitter for respondent M-K Ferguson Corporation, a subcontractor to Westinghouse at the Savannah River Site (SRS). Respondents Thomas Henry Aaron, Jr. and Joseph C. Hughes were appellant's supervisors. Respondent Morrison Knudsen Corporation was the parent company of respondent M-K Ferguson Corporation.

In 1992, after appellant's employment with M-K Ferguson was terminated, he brought this wrongful discharge action against respondents based on the public policy exception to the employment at-will doctrine. In his complaint, appellant alleged that respondents terminated his employment in retaliation for reporting his concerns about radioactive contamination and unsafe working conditions at SBS to the U.S. Department of Energy and the news media, and for testifying about his concerns before the Defense Nuclear Facilities Safety Board.

The case was removed to federal district court, but later remanded to state court where respondents moved to dismiss appellant's complaint on the ground it failed to state facts sufficient to constitute a cause of action. Rule 12(b)(6), SCRCP. The trial judge granted respondents' motion to dismiss and appellant appealed.

## ISSUE

Did the trial judge err in dismissing appellant's complaint for failure to state facts sufficient to constitute a cause of action?

## DISCUSSION

In granting respondents' Rule 12(b)(6) motion to dismiss, the trial judge concluded appellant's complaint failed to state a claim under the public policy exception to the employment at-will doctrine. Appellant argues this was an error. We agree.

In *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E. (2d) 213 (1985), this Court adopted "the public policy exception" to the employment at-will doctrine. We stated the exception as follows: "Where the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action on tort for wrongful discharge arises." *Id.* at 225, 337 S.E. (2d) at 216.

In *Ludwick* , the employee-plaintiff was fired for obeying a subpoena issued by the South Carolina Employment Security Commission. Had the employee disobeyed the subpoena, she would have been subject to a criminal penalty. In holding that this situation gave rise to a cause of action for wrongful discharge, we stated, "the public policy exception is invoked when an employer requires an at-will employee, as a condition of retaining employment, to violate the law." *Id.* at 225, 337 S.E. (2d) at 216. We cited the penal statute with which the employee was compelled to comply as reflecting the "clear mandate of public policy" in South Carolina.

Subsequently, several actions brought pursuant to the public policy exception have been reviewed on appeal. For example, in *Miller v. Fairfield Communities Inc.*, 299 S.C. 23, 382 S.E. (2d) 16 (Ct. App. 1989), *cert. dismissed*, 302 S.C. 518, 397 S.E. (2d) 377 (1990), the Court of Appeals, citing *Ludwick*, "[chose] not to expand the public policy exception to include" situations where an employer subjects an employee to *civil* sanctions as a condition of retaining employment. *Id.* at 27, 382 S.E. (2d) at 19. The Court of Appeals, however, went on to find the employee was not, in fact, subject to civil sanctions as a condition of employment.

In *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 413 S.E. (2d) 18 (1992), the issue presented to this Court was whether an employee could maintain an action for wrongful discharge when he had been fired in retaliation for filing a complaint under the Fair Labor Standards Acts. We "decline[d] to expand" the public policy exception to these situations, noting that the exception "[had] not been extended beyond situations where the termination [was] in retaliation for an employee's refusal to violate the law at the direction of his employer." *Id.* at 497, 413 S.E. (2d) at 18. However, we ultimately held that because the Fair Labor Standards Act itself provided a remedy to the employee, he was limited to pursuing that statutory remedy.

Finally, in *Culler v. Blue Ridge Electric Cooperative, Inc.*, 309 S.C. 243, 244 S.E. (2d) 91 (1992), this Court affirmed a trial court's finding that a plaintiff-employee was not terminated in retaliation for refusing to contribute money to a "political action fund." However, we held that had the employee been discharged because he refused to contribute to the fund, he would have had a cause of action for wrongful discharge under the public policy exception to the employment at-will doctrine. Noting that S.C. Code Ann. § 16-17-560 (1985)[1] made it a crime to fire any person because of his or her political beliefs, the Court stated: "We believe that *Ludwick's* prohibition of retaliatory discharge in violation of clear mandate of public policy of this State extends at least to legislatively defined 'Crimes Against Public Policy.' " *Id.* at 246, 422 S.E. (2d) at 92-93.

In dismissing appellant's complaint in this case, the trial judge, relying on the above line of cases, held that the public policy exception to the employment at-will doctrine was limited to: (1) situations where an employer requires an employee to violate a criminal law as a condition of retaining employment, and (2) situations where the reason for the employee's termination was itself a violation of the criminal law. Finding that the factual assertions in appellant's complaint did not fall under situation (1) or (2), the trial judge concluded the complaint failed to state a claim under the public policy exception to the employment at-will doctrine. This was error.

While we have applied the public policy exception to situations where an employer requires an employee to violate a criminal law, and situations where the reason for the employee's termination was itself a violation of the criminal law, we have never held the exception is *limited* to these situations. Whether the exception applies when an employee is terminated in retaliation for reporting and testifying[2] about radioactive contamination and unsafe working conditions at a nuclear facility is a novel issue, and such issues should not ordinarily be decided in ruling on a 12(b)(6) motion to dismiss. *See Kennedy v. Henderson*, 289 S.C. 393, 346 S.E. (2d) 526 (1986) (where there is cause for doubt, or it is clear that the ends

---

[1] This statute has since been amended to conform to the new crime classification system. S.C. Code Ann. § 16-17-560 (Supp. 1993).

[2] Appellant testified voluntarily before the Defense Nuclear Facilities Safety Board, not pursuant to any subpoena requiring him to testify.

of justice may well be promoted by a trial on the merits, a demurrer should be denied where novel issues are present or are involved); *Springfield v. Williams Plumbing Supply Co.*, 249 S.C. 130, 153 S.E. (2d) 184 (1967). We therefore reverse the order dismissing appellant's complaint.[3]

Reversed.

FINNEY, C.J., and TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[3] Because the facts of this case have not been fully developed, we do not address the ultimate question whether the public policy exception to the employment at-will doctrine is applicable in this case. *Tyler v. Macks Stores of S.C. Inc.*, 275 S.C. 456, 272 S.E. (2d) 633 (1980) (a novel issue is best decided in light of the testimony to be adduced at trial). Nor do we address the validity of any defenses which may have been raised by respondents in support of their motion to dismiss.