**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ryan McAvoy, Appellant,

v.

Hilton Head Island - Bluffton Chamber of Commerce, Respondent.

Appellate Case No. 2018-000853

———————

Appeal From Beaufort County
Perry M. Buckner, III, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-156
Submitted April 1, 2020 – Filed May 27, 2020

———————

**AFFIRMED**

———————

Taylor Meriwether Smith, IV, of Harrison, Radeker & Smith, P.A., of Columbia, for Appellant.

William Grayson Lambert, of Burr & Forman, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** Ryan McAvoy appeals the circuit court's order dismissing his complaint pursuant to Rule 12(b)(6), SCRCP. On appeal, McAvoy argues the circuit court erred in ruling he was not a member of the Hilton Head Island-Bluffton Chamber of Commerce (the Chamber) when he made a request to

inspect the Chamber's records pursuant to section 33-31-1640 of the South Carolina Code (Supp. 2019).  We find the circuit court did not err in ruling McAvoy was not a member because he did not satisfy the requirements for membership pursuant to the Chamber's bylaws.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Brazell v. Windsor*, 384 S.C. 512, 515, 682 S.E.2d 824, 826 (2009) ("In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); S.C. Code Ann. § 33-31-140(23)(a) (Supp. 2019) (explaining whether one is a member of a non-profit corporation in South Carolina is determined "pursuant to a domestic or foreign corporation's articles or bylaws"); S.C. Code Ann. § 33-31-1601(e) (Supp. 2019) (instructing non-profit corporations in South Carolina to maintain certain records); S.C. Code Ann. § 33-31-1602(a) (Supp. 2019) (providing members of non-profit corporations certain inspection rights); S.C. Code Ann. § 33-31-1604 (Supp. 2019) (outlining the judicial relief available to members who demand inspection of a corporation's records but are denied the opportunity to inspect); *ATC South, Inc. v. Charleston County*, 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008) (explaining standing is available to plaintiff on three grounds: (1) statutory standing, (2) constitutional standing, and (3) the public-importance exception); *Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317, 741 S.E.2d 515, 518 (2013) (holding statutory standing exists "when a statute confers a right to sue on a party"); *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 498, 413 S.E.2d 18, 19 (1992) ("When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.