**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Major Jason J. MacDonald, Appellant,

v.

Horry County School District, Respondent.

Appellate Case No. 2023-001499

———

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-120
Submitted March 1, 2025 – Filed April 2, 2025

———

**AFFIRMED**

———

Jack E. Cohoon, Lydia Robins Hendrix, and Janet
Elizabeth Rhodes; all of Burnette Shutt & McDaniel, PA,
of Columbia, for Appellant.

Samuel F. Arthur, III, of Aiken Bridges Elliott Tyler &
Saleeby, P.A., of Florence, for Respondent.

———

**PER CURIAM:** Major Jason J. MacDonald appeals the circuit court's order granting summary judgment for Horry County School District (the District) on MacDonald's defamation and intentional interference with prospective contractual relations claims. On appeal, MacDonald argues the circuit court erred by granting

summary judgment in favor of the District because he established a genuine dispute of a material fact for both claims. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by granting summary judgment in favor of the District with regard to defamation because the District's conduct did not rise to a defamatory and false insinuation. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the circuit court under Rule 56(c) [of the South Carolina Rules of Civil Procedure], which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."). Initially, we hold the District's actions of placing MacDonald on administrative leave and not renewing his contract, by themselves, do not amount to "statements" under the law. *See* Rule 801(a), SCRE (providing a "statement" is "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion."); *Stokes v. Oconee Cnty.*, 441 S.C. 566, 576, 895 S.E.2d 689, 694 (Ct. App. 2023) ("To prove defamation, the plaintiff must show . . . a false and defamatory statement was made . . . ."); *Fountain v. First Reliance Bank*, 398 S.C. 434, 441-42, 730 S.E.2d 305, 309 (2012) ("To render [a] defamatory statement actionable, it is not necessary that the false charge be made in a direct, open and positive manner. A mere insinuation is as actionable as a positive assertion if it is false and malicious and the meaning is plain." (quoting *Tyler v. Macks Stores of S.C., Inc.*, 275 S.C. 456, 458, 272 S.E.2d 633, 634 (1980))). While statements may be words or conduct, the District's actions were common employment practices that were not actionable statements for the purposes of defamation. *See Nestler v. Scarabelli*, 886 S.E.2d 301, 310 (Va. Ct. App. 2023) (finding the propriety of placing the plaintiff on administrative leave was a separate question from whether the defendant's statements regarding the leave were defamatory). Further, the District placing MacDonald on administrative leave, and subsequently terminating him, did not communicate anything false because MacDonald was placed on administrative leave, and any insinuation that he was on leave pending an investigation was true. *See Fountain v. First Reliance Bank,* 398 S.C. 434, 443-44, 730 S.E.2d 305, 310 (2012) (holding that even if plaintiff could establish a defamatory meaning through innuendo that he was a poor lending risk, it could not be deemed defamatory because it was "unquestionably true"); *McBride v. Sch. Dist. Of Greenville Cnty.*, 389 S.C. 546, 562-63, 698 S.E.2d 845, 853 (Ct. App. 2010) (holding a quote from a superintendent in a local newscast—that he intended to recommend plaintiff's termination—was a true statement and therefore, "the false and defamatory"

element of defamation was missing); *see also Nestler*, 886 S.E.2d at 310-11 (holding that true statements that plaintiff was placed on administrative leave were not actionable defamation because they did not contain the "requisite defamatory sting" and "could not be construed as an attack on [plaintiff's] reputation or character" because they "constituted mere observations" about the situation).

2. We further hold the circuit court did not err in granting defendant's motion for summary judgment on the intentional interference with prospective contractual relations claim because MacDonald did not present sufficient evidence that he had a reasonable probability of entering into an employment contract but for the District's interference. *See United Educ. Distributors, LLC,* 350 S.C. 7, 14, 564 S.E.2d 324, 328 (Ct. App. 2002) ("[A] cause of action for intentional interference with prospective contractual relations generally stands following the loss of an identifiable contract or expectation."); *id.* at 18, 564 S.E.2d at 330 (holding the plaintiff failed to allege it "had a reasonable probability of entering into a specific contract but for the interference of [defendant]" because it merely asserted it should have received more business based on "past experience" and had no way of knowing why their lead cards did not receive any responses). MacDonald testified that he believed he would be hired by the superintendent of a neighboring school district if the District had provided at least a neutral reference; however, the superintendent indicated that while he needed a neutral job reference to "move[] forward" with MacDonald's application, he would be "speculating" as to whether MacDonald would have been hired because additional steps would have been required before he could have offered MacDonald the job. *See First S. Bank v. S. Causeway, LLC*, 414 S.C. 434, 446, 778 S.E.2d 493, 499 (Ct. App. 2015) ("To satisfy the first element of the cause of action for tortious interference with prospective contractual relations . . . a 'plaintiff must demonstrate that he had a truly prospective or potential contract with a third party; that the agreement was a close certainty; and that the contract was not speculative.'" (quoting *Santoro v. Schulthess*, 384 S.C. 250, 263, 681 S.E.2d 897, 904 (Ct. App. 2009))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.