23389

Edward EPPS, Appellant v. CLARENDON COUNTY, Respondent.

(405 S.E. (2d) 386)

Supreme Court

*William L. Pyatt,* Columbia, *for appellant.*

*Henry S. Knight, Jr.,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, and *R. Ferrell Cothran, Jr.,* Manning, *for respondent.*

Heard March 19, 1991.

Decided May 6, 1991.

*Per Curiam:*

This appeal is from an order granting respondent summary judgment in this action for wrongful discharge. We affirm.

Appellant was employed as a front-end loader operator for the Clarendon County Department of Public Works. He was originally hired as an at-will employee in 1980 by the former Director of the Department, Tootsie Hardy. At some point in his employment, appellant received an employee handbook.

In January 1987, Hezekiah Gibson replaced Tootsie Hardy as Director of the Department when the position became an appointed rather than elected one. In March 1987, Director Gibson was advised of budget cuts. Appellant was laid off on April 30, 1987. Although he was recommended for rehiring, he was never re-employed.

In September 1988, appellant commenced this action alleging breach of an employment contract as evidenced by the County's Personnel Policy Manual and wrongful discharge in violation of his constitutional rights of free speech and association. The trial judge granted County summary judgment on the ground appellant was an at-will employee.

First, appellant argues summary judgment should not have been granted on his cause of action for breach of contract based on the employee handbook. *See Small v. Springs Industries, Inc.,* 292 S.C. 481, 357 S.E. (2d) 452 (1987).

We have reviewed the handbook and find no provision concerning procedures for termination or any provision which might otherwise be construed as altering an employee's at-will status. Under the general rule that an at-will employee may be terminated for any reason, we find no breach of an employment contract. *See Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E. (2d) 213 (1985); *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 276 S.C. 284, 278 S.E. (2d) 607 (1981).

Second, appellant claims summary judgment was improperly granted on his cause of action for wrongful discharge because he presented evidence he was terminated for his political association with the former Director of the Department, Tootsie Hardy.

Generally, an action for wrongful discharge is premised on an alleged infringement of a right to the employment. In *Ludwick, supra,* we recognized an exception to this rule in order to allow an at-will employee to bring a wrongful discharge action where the employee was discharged because she complied with a subpoena to testify at a state agency hearing. We found such a discharge constituted "a violation of a clear mandate of public policy" because it required an employee, as a condition of employment, to violate the law. 287 S.C. at 225, 337 S.E. (2d) at 216. We decline to extend the *Ludwick* exception to a situation where, as here, the employee has an existing remedy for a discharge which allegedly violates rights other than the right to the employment itself.

Here, appellant claims an infringement of his constitutional rights to free speech and association. Title 42 U.S.C. § 1983 (1982) allows a civil action for damages against a government official who deprives an individual of a constitutionally protected right. A public employee, even one employed at-will, may state a claim under § 1983 for violation of his First Amendment rights by alleging damages from hiring decisions that are based solely upon political belief or association and are unjustified by a vital government interest. *Rutan v. Republican Party of Illinois,* — U.S. —, 110 S.Ct. 2729, 111 L. Ed. (2d) 52 (1990); *Branti v. Finkel,* 445 U.S. 507, 100 S. Ct. 1287, 63 L. Ed. (2d) 574 (1980). We therefore affirm the trial judge's disposition of this case without prejudice to appellant's right to commence a § 1983 action.

We dispose of appellant's remaining exceptions pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, C.J., not participating.