23712

Ronald S. SHIVERS, Appellant v. JOHN H. HARLAND COMPANY, INCORPORATED, Appellee.

(423 S.E. (2) 105)

Supreme Court

---

*James Donald Scott*, Columbia, *for appellant.*

*William Parham Simpson* and *Stephen F. McKinney*, of *Haynesworth, Marion, McKay & Guerard*, Columbia, *for appellee.*

Heard June 1, 1992.

Decided Sept. 21, 1992.

HARWELL, Chief Justice:

Pursuant to Rule 228, SCACR, the following question has been certified to this Court by the United States Court of Appeals for the Fourth Circuit:

Under South Carolina law, where a provision in a contract of employment allows the employer to terminate the contract for any reason upon giving fifteen days' notice, the employer instead discharges the employee for cause under another provision of the contract without giving notice, and a jury finds that the discharge for cause is wrongful, is the employee's recovery for wrongful breach limited as a matter of law to the amount of pay and other benefits he would have received during the notice period?

## I. FACTS

Appellant Ronald S. Shivers (Shivers) was employed by appellee John H. Harland Company, Incorporated (Harland) for over fourteen years. He advanced from printing press operator to supervisor of production for the third shift. When Shivers was promoted to third shift supervisor, Shivers and Harland entered into a Production Employment Agreement which provided that:

> 3.2 *Termination of Employment.* (a) Voluntary Termination. Either the Company or Employee may terminate Employee's employment at any time by giving the other party at least fifteen (15) days prior written notice of such party's intention and the proposed date of termination....
>
> (b) *Termination by Company for Cause.* The Company may terminate the Employee's employment at any time, without the necessity of notice of any kind, upon the occurrence of any of the following events: ... (ii) the occurrence of ... willful misconduct by Employee in the performance of his responsibilities hereunder....

Shivers's supervisors learned in January 1987 that Shivers was involved in a social relationship with a female co-employee, in contravention of Harland policy. Shivers subsequently was summarily dismissed for cause. Shivers brought an action in state court for wrongful discharge, alleging that he had committed no acts to justify termination for cause. Bad faith on the part of Harland apparently was not alleged. The case was removed to federal district court, where a jury found that Harland discharged Shivers without just cause, and, therefore, breached the Agreement. The jury awarded Shiv-

ers $301,137.76, representing the difference between his salary at Harland and his salary at his new employment, multiplied by the number of years until he would have been eligible for retirement at Harland.

Harland moved the trial judge to set aside the jury verdict and to limit Shivers's damages as a matter of law to the amount of pay he would have received under the fifteen-day notice provision. The trial judge granted the motion, and Shivers appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit deemed it appropriate to certify the issue of whether damages should be limited by the fifteen-day notice period set forth in the Production Employment Agreement.

## II. DISCUSSION

The sole question before us is the correct measure of damages Shivers may recover for his wrongful discharge.

Under South Carolina law, an employment contract containing a notice provision is a contract for a definite term. *Young v. McKelvey*, 286 S.C. 119, 333 S.E. (2d) 566 (1985) (citing *Chai Management, Inc. v. Leibowitz*, 50 Md. App. 504, 439 A. (2d) 34 (1982)). An employment contract containing a notice provision does not provide for a specific termination date, but is continually in force until notice is given. Once notice is given, the employment contract assumes a definite term, this being the last day of the notice period. *Id.* 286 S.C. at 123, 333 S.E. (2d) at 568.

A person hired under an employment contract for a definite term may not be discharged before the completion of the term without just cause. *See Id.* When an employee, is wrongfully discharged under a contract for a definite term, the measure of damages generally is the wages for the unexpired portion of the term. *Latimer v. York Cotton Mills*, 66 S.C. 135, 44 S.E. 559 (1903). This measure of damages allows an employee to receive the benefit of the bargain by putting him in as good a position as he would have been had the contract been performed. *See* Restatement (Second) of Contracts § 344 (1981); *see also* 11 S. Williston, *A Treatise on the Law of Contracts* § 1338 (3d ed. 1968).

As an initial matter, we emphasize that the facts before us are distinguishable from those of *Small v. Springs Industries*,

*Inc.*, 300 S.C. 481, 388 S.E. (2d) 808 (1990) *(Small II)*. In *Small II*, the contract between Small, the employee, and Springs, the employer, was for an indefinite duration. Thus, for the purpose of establishing damages, it appropriately was left to the jury to determine how long Small would have continued to be employed but for the wrongful discharge. Additionally, Small was entitled to more than notice prior to her termination. The Springs handbook and bulletin provided for a four-step progressive disciplinary process. Therefore, by Springs' wrongful termination, Small lost her right to correct Springs' dissatisfaction with her work. *See Pine River State Bank v. Mettille*, 333 N.W. (2d) 622 (Minn. 1983). Here, the jury specifically found that an employee handbook providing for a warning in certain circumstances was not part of the employment contract between Harland and Shivers.

■ Turning to the question before us, we find that Harland and Shivers entered into an employment contract for a definite term. The jury found that Harland breached the contract by discharging Shivers without just cause. As a result, Shivers is entitled to be placed in the same position he would have occupied had the Agreement been performed. Here, the Agreement would have been performed had Harland given Shivers fifteen days notice that he was terminated. The giving of notice then would have triggered a definite expiration date of the Agreement. Harland would have been precluded from discharging Shivers before the expiration of the notice period without just cause. There being no such cause, Shivers would have been entitled to continue working until the Agreement expired.

Allowing Shivers to receive the wages and other benefits he would have accrued during the fifteen-day notice period places him in as good a position as he would have been had Harland performed under the Agreement. Accordingly, we conclude that the trial judge was correct in limiting Shivers's damages as a matter of law to the amount of pay and other benefits he would have received during the fifteen-day notice period.

Certified question answered.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.