516 S.E.2d 449

C. Kenneth STILES, Plaintiff,

v.

AMERICAN GENERAL LIFE INSURANCE
COMPANY, Defendant.

No. 24945.

Supreme Court of South Carolina.

Heard Oct. 7, 1998.

Decided May 24, 1999.

Herbert W. Louthian, Sr. and Deborah R.J. Shupe, both of Louthian & Louthian, of Columbia, for Plaintiff.

Leigh M. Nason, Scott T. Justice, and Janis W. Johnson, all of Haynsworth Baldwin Johnson & Greaves, of Columbia, for Defendant.

FINNEY, Chief Justice:

This Court accepted the following question certified by the U.S. District Court:

May an employee who is employed under an employment contract which provides that either party may terminate the agreement "for any reason" with 30–days' notice—i.e., an at-will contract with a notice provision—maintain a tort action for wrongful discharge in violation of public policy under *Ludwick v. This Minute of Carolina, Inc.*? [1]

## FACTS

Plaintiff C. Kenneth Stiles signed two employment agreements with defendant in 1985. Both agreements, which became effective on January 1 1986, contained termination provisions which, *inter alia*, allowed either party to terminate "for any reason" by giving 30–days' written notice to the other party. On October 14, 1993, defendant informed plaintiff that

---

1.  287 S.C. 219, 337 S.E.2d 213 (1985).

it was terminating these agreements effective November 14, 1993.

Plaintiff thereafter brought this action in circuit court asserting causes of action for breach of contract and wrongful discharge in violation of public policy based on defendant's termination of the agency agreements. Defendant removed the matter to federal court. After discovery, defendant moved for summary judgment on both causes of action. The District Court granted the motion as to the breach of contract claim. The District Court reserved ruling on the motion as to the wrongful discharge claim in order to certify the question of law set forth above.

Plaintiff's wrongful discharge claim, which was brought pursuant to *Ludwick v. This Minute of Carolina, Inc.*, and its progeny, is based on his allegation that defendant terminated the agreements in a retaliatory manner because he had protested and reported what he contends to be an illegal practice by defendant. Defendant denies this contention and asserts that it terminated the agreements for proper reasons.

## ISSUE

Does the public policy exception under *Ludwick* apply to an at-will employment contract with a notice provision?

## DISCUSSION

■ This Court established in *Ludwick* a public policy exception to the termination at-will doctrine by holding that "[w]here the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." The public policy exception is invoked when an employer requires an at-will employee, as a condition of retaining employment, to violate the law.

■ Generally, an at-will employee may be terminated at any time for any reason or for no reason, with or without cause. *Small v. Springs Industries, Inc.*, 300 S.C. 481, 388 S.E.2d 808 (1990). An employment contract containing a notice provision is a contract for a definite term. *Shivers v. John H. Harland Co., Inc.*, 310 S.C. 217, 423 S.E.2d 105

(1992). An employment contract containing a notice provision does not provide for a specific termination date, but is continually in force until notice is given. *Id.* Once notice is given the employment contract assumes a definite term which is the last day of the notice period. *Id.* A person hired under an employment contract for a definite term may not be discharged before the completion of the term without just cause. *Id.* The measure of damages when an employee is wrongfully discharged under a contract for a definite term generally is the wages for the unexpired portion of the term. *Id.*[2]

The District Court concluded that plaintiff was an at-will employee. The ultimate question before us is whether the notice provision precludes application of the public policy exception to an otherwise at-will employment. Plaintiff asserts there is no logical basis upon which to argue that an employee terminated in violation of public policy has any less right to bring an action for a public policy tort than if the at-will employment contract required no notice. He reasons that an at-will employee with a notice provision still faces termination for any reason and is vulnerable to the possibly illegal motives and/or conduct of his employer. Accordingly, if the public policy does not apply to at-will contracts with notice provisions, employers will be able to avoid the potential liability associated with a public policy tort by giving the employee a contract with a stated notice period, of any duration, before termination.

Defendant urges the Court to continue to limit the *Ludwick* exception to at-will employees who have no alternative remedy. Defendant contends that an employee employed under a contract for a definite term is in a different position than an at-will employee because the employee has a protection from wrongful discharge that is unavailable to at-will employees: a contractual remedy for termination for cause without notice and the right to retain employment for the notice period after receiving notice of termination without cause. Essentially, defendant contends the contract notice provision protects the employee from wrongful discharge. We disagree. The at-will employee with a notice provision does not have an alternative

---

**2.** We note that *Shivers v. John H. Harland Co., Inc.* involved purely a breach of contract claim and there was no allegation of bad faith.

remedy for wrongful discharge, but merely is entitled to notice of termination.

In this case, the employee does not have an alternate remedy based on an allegation of wrongful discharge. The employee with a notice provision is in the same position as an at-will employee with the only difference being that the employer is required to give the employee notice prior to terminating employment. In considering the purpose behind the public policy exception, the "mere encouragement that one violate the law is unsavory; the threat of retaliation for refusing to do so is intolerable and impermissible." *Ludwick, supra.* To hold that because an at-will employee is employed under a termination notice provision, the employee is not entitled to bring an action for retaliatory discharge in violation of public policy violates the spirit of the public policy exception. Accordingly, the public policy exception is extended to at-will employees under notice provisions.

The certified question is answered in the affirmative: an employee under an at-will contract with a 30 day notice provision may maintain an action for wrongful discharge in violation of public policy under *Ludwick.* Whether the specific facts of this case present an applicable claim under *Ludwick* should be determined based upon the evidence presented to the district court.

**CERTIFIED QUESTION ANSWERED.**

MOORE, WALLER, and BURNETT, JJ., concur.

TOAL, J., concurring in a separate opinion.

TOAL, Justice (concurring):

In his majority opinion, the Chief Justice holds that the *Ludwick* public policy exception should be available to the plaintiff in the present case. I agree completely with this result. Moreover, I believe that the opinion correctly anchors its conclusion on the finding that the plaintiff was without an alternate remedy. I write separately because I believe to fully understand when and why the exception will apply in future situations, it is necessary to outline the policy considerations behind the *Ludwick* exception as well as its history. Because it is important to view any application of the doctrine

in the context of its historical development and policy considerations, I concur with the majority opinion and add to it the following analysis.

Employment in South Carolina has been classified as either for a definite term or at-will. *Young v. McKelvey*, 286 S.C. 119, 333 S.E.2d 566 (1985). Employment for a definite term has two important characteristics: (1) it exists for a fixed period of time; and (2) the employment may only be terminated before the end of that term by just cause. *Id.* If an employee is wrongfully terminated under a definite contract, the measure of damages is determined by the contract and is generally the wages for the unexpired portion of the term. *Shivers v. John H. Harland Co., Inc.*, 310 S.C. 217, 423 S.E.2d 105 (1992). This measure of damages allows an employee to receive the benefit of the bargain by placing the employee in as good a position as if the contract had been performed. *Id.*

At-will employment differs from employment for a definite term in two important respects: (1) there is no fixed period of time; and (2) employers can discharge employees for good cause, no cause, or even cause that is morally wrong. *Ludwick*, 287 S.C. at 221–222, 337 S.E.2d at 214. In employment at-will, the employee is also free to terminate the employment relationship at any time. *Shealy v. Fowler*, 182 S.C. 81, 188 S.E. 499 (1936).

Although, in South Carolina, an at-will employee may be discharged for any reason, this Court has recognized two important exceptions to that rule. First, employee's at-will status can be altered by the promulgation of an employee handbook. *See Small v. Springs Indus., Inc.*, 292 S.C. 481, 357 S.E.2d 452 (1987). Second, employee's at-will status can be altered where the discharge violates a clear mandate of public policy. *See Ludwick*, 287 S.C. at 225, 337 S.E.2d at 216. In *Ludwick*, an employer asked an employee to violate a criminal law. Since *Ludwick*, this Court has expanded the public policy exception. *See Garner v. Morrison Knudsen Corp.*, 318 S.C. 223, 456 S.E.2d 907 (1995); *Culler v. Blue Ridge Elec. Coop., Inc.*, 309 S.C. 243, 422 S.E.2d 91 (1992); *see also* C.F.W. Manning, II, Note, *Public Policy Exception Open to Possible Expansion in Employment At–Will Situations*, 48 S.C.L.Rev. 133 (1996). In Garner, we recognized the excep-

tion's development and noted, "[w]hile we have applied the public policy exception to situations where an employer requires an employee to violate a criminal law, and situations where the reason for termination was itself a violation of criminal law, we have never held the exception is limited to these situations." *Id.* at 226, 456 S.E.2d at 909.

While the *Ludwick* public policy exception has expanded, this Court has also noted that the exception will not apply where the employee has a statutory remedy. *See Dockins v. Ingles Markets, Inc.,* 306 S.C. 496, 413 S.E.2d 18 (1992) (finding the Fair Labor Standards Act provided a remedy to the employee and that he was limited to pursuing that statutory remedy); *Epps v. Clarendon County,* 304 S.C. 424, 405 S.E.2d 386 (1991) (refusing to expand *Ludwick* where Title 42 U.S.C. § 1983 allows a civil action for damages against a government official who deprives an individual of a constitutionally protected right). As these cases make clear, the *Ludwick* exception is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists.

The *Ludwick* public policy exception is designed to serve two important policy goals: (1) the vindication of the state's interest by prohibiting termination in violation of the clear mandate of public policy; and (2) the protection of at-will employees who are often without a remedy when terminated in violation of public policy. For the current case, we must decide whether the notice provision provides a remedy sufficient for both the employee and the state to obviate the need for a *Ludwick* action.

The nature of the employment contract between Stiles and American General is important in determining whether the *Ludwick* exception should be available. In *Shivers v. John H. Harland Co.,* 310 S.C. 217, 220, 423 S.E.2d 105, 107 (1992), we held that:

Under South Carolina law, an employment contract containing a notice provision is a contract for a definite term. An employment contract containing a notice provision does not provide for a specific termination date, but is continually in force until notice is given. *Once notice is given, the em-*

*ployment contract assumes a definite term, this being the last day of the notice period.* (Citations omitted) (emphasis added).

This analysis makes it clear that an employment agreement with a notice provision is basically an at-will agreement that, subject to a contingency, may become a contract for a definite term. Unlike the usual contract for a definite term, the worker is not guaranteed a specific term of employment, only that at a minimum he will have work for the term of the notice provision. Without a *Ludwick* exception, the employer could choose any reason to trigger the notice provision, regardless of whether the reason violated public policy.

Also, whatever protection there would be under such a contract would not occur until the employer decides to provide notice. The notice provision in such contracts provides no protection from the discharge itself, but simply makes an employer wait longer before the termination of an employee is complete. If an employer can avoid the possibility of damages associated with a public policy violation by simply giving the employee a written contract with a stated notice period before termination, the public policy exception would become ineffectual at achieving its policy goals. As such, the notice provision in such a contract does not provide an alternate remedy similar to those in *Epps* and *Dockins.*

Unlike a definite term contract containing mandatory "for cause" termination provisions, a notice provision in an at-will contract does not vindicate either the state's interest in preventing an employee discharge in violation of public policy or the employee's rights to be protected from retaliatory discharge in violation of public policy. Under a contract for a definite term the employee can only be fired for cause, whereas the at-will employee with a notice provision can quickly find himself jobless even if he is a model employee. In situations where the only protection from termination for reasons which violate public policy is a notice provision, the purposes served by *Ludwick* cannot be achieved through any other means than the application of the public policy exception allowing a suit in tort.