**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

ALVIN S. CADE,

*Plaintiff-Appellant,*

v.

CONSECO HEALTH INSURANCE
COMPANY,

*Defendant-Appellee.*

No. 02-1035

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-00-3727-3-17)

Submitted: May 15, 2002

Decided: June 4, 2002

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

William T. Toal, JOHNSON, TOAL & BATTISTE, P.A., Columbia,
South Carolina, for Appellant. Susan Batten Lipscomb, Charles Frederick Castner, NEXSEN, PRUET, JACOBS & POLLARD, L.L.C.,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Alvin S. Cade appeals the district court's order granting summary judgment in favor of Conseco Health Insurance Co. on his breach of contract claim arising from a contract that allowed him to sell insurance as an independent contractor. We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have reviewed the parties' briefs, the joint appendix, and the district court's order and find no reversible error. Cade's contract with Conseco was an at-will agreement with a notice of termination provision. This type of contract is a contract for a definite term that is continually in force until notice is given. *Shivers v. John H. Harland Co.*, 423 S.E.2d 105, 107 (S.C. 1992). Once notice is given, the contract continues until the last day of the notice period. *Id.* The measure of damages for one wrongfully terminated under this type of agreement is generally the wages for the unexpired portion of the term. *Id.* The district court properly determined Conseco adequately gave notice and determined Cade was not entitled to additional commissions beyond what he was entitled to at the time of his termination. Accordingly, we affirm on the reasoning of the district court. *Cade v. Conseco Health Ins. Co.*, No. CA-00-3727-3-17 (D.S.C. filed Dec. 14, 2001; entered Dec. 17, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*