618 S.E.2d 881

**Jennifer R. CAPE, Appellant,**

v.

**GREENVILLE COUNTY SCHOOL DISTRICT, Respondent.**

**No. 26019.**

Supreme Court of South Carolina.

Heard June 15, 2005.

Decided Aug. 1, 2005.

Rehearing Denied Sept. 13, 2005.

Jeffrey Alton Phillips, of Phillips Law Firm, of Greenville, for Appellant.

Sean Ashley Scoopmire, of Clarkson Walsh Rheney & Turner, P.A., of Greenville, for Respondent.

Justice PLEICONES:

This is an appeal from a circuit court order holding that an employment contract for a definite term which contains an at-will termination clause is valid, and granting respondent (School District) summary judgment in this breach of contract suit brought by appellant (Cape), a fired teacher. We affirm.

## FACTS

On December 5, 2001, Cape signed a contract with the School District for the 2001–2002 school year to teach special education. This contract contained the following provision in capital letters:

THIS IS AN AT–WILL EMPLOYMENT CONTRACT. IT MAY BE TERMINATED AT ANY TIME FOR ANY REASON OR FOR NO REASON BY EITHER EMPLOYER OR EMPLOYEE. EMPLOYEE AGREES THAT THERE EXISTS NO RIGHT TO CHALLENGE TERMINATION OF THIS CONTRACT BY EMPLOYER. EMPLOYEE FURTHER AGREES THAT THIS IS A NON-RENEWABLE CONTRACT AND THERE EXISTS NO RIGHT TO CHALLENGE ANY FAILURE TO CONTINUE THIS CONTRACT BEYOND THIS TERM.

It is undisputed that Cape began teaching on January 2, 2002, and was terminated on February 8, 2002, with her last day in the classroom being February 22, 2002.[1]

## ISSUE

Did the trial court err in granting School District summary judgment?[2]

---

1. Cape was hired for less than 152 days and was therefore not classified as a contract teacher. *See* S.C. Reg. 43–205.1 IX (Supp.2004); *compare* S.C.Code Ann. § 59–26–40 (Supp.2004) (different teacher contract levels explained).

2. While Cape raises a number of issues on appeal, we address only this novel question. The rulings on the other issues are affirmed pursuant to Rule 220(b)(1), SCACR.

## ANALYSIS

■ The circuit court granted School District summary judgment, finding that under the express terms of her contract Cape was an at-will employee, and therefore had no breach of contract cause of action based on her termination. We agree.

Cape argues the judge erred in finding her contract was at-will. She correctly points out that decisions from this Court have indicated an employment contract for a specific term cannot also be at-will because these terms are mutually exclusively. *E.g., Stiles v. American Gen. Life Ins. Co.,* 335 S.C. 222, 516 S.E.2d 449 (1999); *Shivers v. John H. Harland Co.,* 310 S.C. 217, 423 S.E.2d 105 (1992); *Young v. McKelvey,* 286 S.C. 119, 333 S.E.2d 566 (1985). School District counters with the accurate observation that these decisions all involved contracts of indefinite duration that provided for pre-termination notice, and further observes that Cape's contract is not of indefinite duration but for a definite term, contains no such notice provision, and includes the "at-will" provision recited above. We agree with School District that none of our previous opinions have decided the precise issue presented here.

Cape relies heavily on this statement from *Young v. McKelvey,* which is a quote from a Maryland decision:

An employment contract may be either for a stated term or at will. When the contract is at will, it may be terminated by either party at any time. However, when the contract is for a stated term, it may only be terminated before the end of the term by just cause. . . .

*Chai Mgmt., Inc. v. Lubowitz,* 50 Md.App. 504, 439 A.2d 34 (1982).

In *Chai,* the contract was of indefinite duration but included a provision that, "This contract can be terminated by either party with a written sixty day notice." Similarly, the contract at issue in *Young v. McKelvey* was for an indefinite term, but contained a provision that it could be cancelled upon 60 days written notice by either party. The Court held this notice provision converted the contract from one terminable at will, that is, at anytime for any reason or no reason, to one of sixty days duration upon the giving of notice. Thus, the employee

could not be terminated until 60 days after the giving of notice unless just cause for the termination existed. *Young v. McKelvey, supra.* The notice provision altered the parties' absolute right to terminate from "at will" to "upon the giving of notice."

The contract in *Shivers v. John C. Harland, Inc.* was also for an indeterminate period, but specifically provided for immediate discharge for cause, or for "voluntary termination" by either party upon 15 days written notice. This contract, like that in *Young v. McKelvey,* altered the right to terminate from at-will to upon the giving of the stated notice. The most recent decision, *Stiles v. American Gen. Life Ins. Co.,* is instructive in that it refers to contracts such as those at issue in it and in *Shivers* as "at-will contracts with a notice [of termination] provision." These cases did not involve the type of employment contract at issue here: "a definite term contract with an at-will termination provision."

■  An employment contract for an indefinite term is presumptively terminable at will, while a contract for a definite term is presumptively terminable only upon just cause. These are mere presumptions, however, which the parties can alter by express contract provisions. For example, our employee handbook decisions have involved indefinite duration contracts where the at-will termination presumption has been altered by language used in the handbook. *E.g., Small v. Springs Indus., Inc.,* 292 S.C. 481, 357 S.E.2d 452 (1987). In the three decisions cited by Cape, the parties had altered the at-will presumption by including a notice of termination clause. This case presents a similar situation: the parties have, by an express contract provision, altered the presumption that employment for a definite term is terminable only upon just cause, and replaced that presumption with an at-will termination clause. *Cf., Prescott v. Farmers Tele. Co-op., Inc.,* 335 S.C. 330, 516 S.E.2d 923 (1999) ("Of course, an employer and employee may choose to contractually alter the general rule of employment at will and restrict their freedom to discharge without cause or to resign with impunity").

The judge correctly held this employment contract, while for a definite term, was terminable at will.

## CONCLUSION

The order granting School District's motion for summary judgment is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.