# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Michael Cunningham, Respondent/Petitioner,

v.

Anderson County, Petitioner/Respondent.

Appellate Case No. 2013-000678

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Anderson County
The Honorable Alexander S. Macaulay, Circuit Court
Judge

---

Opinion No. 27568
Heard March 18, 2015 – Filed September 2, 2015

---

### REVERSED

---

William W. Wilkins and Kirsten E. Small, both of Nexsen Pruet, LLC, of Greenville, for Petitioner/Respondent.

John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, and Brian P. Murphy, of Stephenson & Murphy, LLC, of Greenville, for Respondent/Petitioner.

---

**JUSTICE HEARN:**   This case arises from the termination of Michael Cunningham as the county administrator for Anderson County. Cunningham brought this action alleging breach of contract, wrongful discharge, and violation of the Payment of Wages Act.  The trial court granted summary judgment in favor of the County on all causes of action.  The court of appeals affirmed the trial court on the breach of contract and Payment of Wages claims, but reversed and remanded the wrongful discharge claim. *Cunningham v. Anderson Cnty.*, 402 S.C. 434, 741 S.E.2d 545 (Ct. App. 2013).  The County contends the court of appeals erred by reversing the trial court's grant of summary judgment on the wrongful discharge claim because Cunningham has never argued he is a noncontractual, at-will employee.  We agree and reverse the portion of the court of appeals' opinion reversing and remanding that claim.[1]

## FACTUAL/PROCEDURAL BACKGROUND

During the November 18, 2008 Anderson County Council meeting, the seven member council—three of whom had not been reelected earlier that month—voted 5-2 to enter into a Master Employment Agreement (the Contract) with Cunningham, employing him as the new county administrator.  Cunningham signed the Contract for employment the following day.   The term of his employment was three years, and the Contract would perpetually renew absent ninety days' notice.  The Contract provided that the administrator "serve[s] at the pleasure of [the council]" and although it indicated that nothing could prevent the council from terminating Cunningham, those terms were subject to other limitations provided in the "Termination and Severance Pay" section.  Under that section, the County could only terminate Cunningham for cause if he was convicted of any crime involving personal gain or of moral turpitude; refused to perform the duties of his office; or suffered a serious illness requiring more than ninety days' absence.  If the council terminated Cunningham without cause, he would be entitled to "all pay and financial benefits remaining on his contract for the balance of the contract period" as well as compensation for "all earned sick leave, vacation, holidays, compensatory time and other accrued benefits." Additionally, the Contract provided that Cunningham would receive "additional severance pay . . . based upon the length of his total service to the County, and computed at the rate of one month aggregate compensation under this Agreement for every two years of such service."

---

[1]Cunningham also filed a petition for certiorari, which this Court initially granted. Although we disagree with the County's contention that Cunningham's petition was untimely, we nevertheless dismiss that writ of certiorari as improvidently granted.

The newly constituted county council, which began serving in January of 2009, immediately passed a resolution condemning the manner in which Cunningham was hired. The new council later offered Cunningham another contract of employment which was expressly at-will and contained none of the "parachute" provisions entitling him to severance for termination without cause, which Cunningham rejected. The council thereafter recommended Cunningham be terminated. Cunningham requested a hearing and upon its conclusion, the council voted 5-2 to terminate him.

Cunningham subsequently brought this action alleging breach of contract, wrongful discharge, and requesting payment under the Payment of Wages Act. He argued he was due severance and sick leave under the Contract, and that he was wrongfully discharged in violation of public policy because he refused to commit the criminal act of discharging employees for political reasons.

The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of the County on all claims. Specifically, it found the contract was unenforceable against the new council and that because Cunningham had never argued he was an at-will employee, he could not claim he was wrongfully discharged in violation of public policy. Cunningham appealed, and the court of appeals affirmed the portion of the trial court's order finding the Contract unenforceable. *Cunningham*, 402 S.C. at 450, 741 S.E.2d at 554. However, it reversed and remanded on the issue of wrongful discharge stating the "illegality of [the Contract], . . . relegated Cunningham to an at-will status" and he should therefore not be precluded from proceeding on the wrongful discharge claim. *Id.* at 456, 741 S.E.2d at 557. The County petitioned for a writ of certiorari which the Court granted.

## ISSUE PRESENTED

Did the court of appeals err in reversing the trial court's grant of summary judgment for the County on Cunningham's claim for wrongful discharge?

## STANDARD OF REVIEW

"The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder." *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438 (2003) (internal quotation omitted). In reviewing a grant of summary judgment, the Court applies the same standard applied by the circuit court pursuant to Rule 56(c), SCRCP. *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 576, 762 S.E.2d 696, 700 (2014). Accordingly, summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. When determining whether any triable issues of fact exist, the Court views the evidence and all reasonable inferences that may be drawn in the light most favorable to the non-moving party. *Evening Post Pub. Co. v. Berkeley Cnty. Sch. Dist.*, 392 S.C. 76, 81–82, 708 S.E.2d 745, 748 (2011). To withstand a summary judgment motion in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence. *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011).

## LAW/ANALYSIS

The County argues the court of appeals erred in holding Cunningham had alleged a claim for wrongful termination as an alternative to his breach of contract claim. We agree.

The court of appeals affirmed the trial court by holding Cunningham's Contract was unenforceable against the new county council. However, it reversed and remanded the case for Cunningham to argue he was wrongfully discharged as an at-will employee under the public policy exception. Unlike the trial court, the court of appeals found Cunningham had preserved the argument he was an at-will employee because he submitted a supplemental filing likening his case to *Stiles v. American General Life Insurance Co*, 335 S.C. 222, 516 S.E.2d 449 (1999). We find a mere reference to the *Stiles* case in a document filed with the court insufficient to preserve the argument.

In *Stiles*, the Court addressed a certified question of whether an employee under an at-will contract with a thirty-day notice provision may maintain an action for wrongful discharge in violation of public policy. *Id.* at 226, 516 S.E.2d at 451. In answering in the affirmative, the Court noted that in this case, "the employee

does not have an alternate remedy based on an allegation of wrongful discharge." *Id.* The court of appeals accordingly took the reference to *Stiles* as enough to conclude Cunningham argued he was an at-will employee with a contract.

We disagree with the court of appeals that Cunningham advanced the argument that he was an at-will employee. Initially, the memorandum contains no reference to Cunningham having an at-will status. Although he claims his employment agreement "does not limit the reasons for which Anderson County could terminate [him]," he also repeatedly refers to having a contract for a definite term.[2] Nothing precluded Cunningham from making alternative arguments based on whether he was deemed a contractual or at-will employee; however, he did not do so. In his complaint, Cunningham clearly alleged that his employment was "for a term pursuant to a written agreement." There is no mention in his pleading that his employment was at-will. Additionally, the trial court specifically found, in its order granting summary judgment in favor of the County, that "[a]t no point in this litigation has Cunningham *ever alleged that he was an at-will employee* . . . ." Cunningham's assertion that he has always argued he is an at-will employee is belied by his pleadings and significantly, by the trial court's clear finding to the contrary.

Moreover, there is a distinction between Cunningham arguing he is a noncontractual at-will employee, as the remand would allow, and arguing, as he does before this Court, that he is at-will pursuant to the Contract. Equally as important, any suggestion that Cunningham was claiming at-will status is in direct contravention to the primary thrust of his argument before the trial court: that he was a contract employee and that the County had breached that contract. Cunningham has consistently declined to plead alternatives which might limit his remedy, instead requesting damages for both breach of contract and wrongful

---

[2] We recognize the notions of contractual employment and at-will employment are not always mutually exclusive. *E.g. Cape v. Greenville Cnty. Sch. Dist.*, 365 S.C. 316, 319, 618 S.E.2d 881, 883 (2005) (holding the employment contract at issue, while for a definite term, was terminable at-will). Nevertheless without more, a contract for a definite term and an at-will contract are distinct. *See id.*, 365 S.C. at 319, 618 S.E.2d at 883 (holding that an employment contract for an indefinite term is presumptively terminable at-will and a contract for a definite term is presumptively terminable only upon just cause but these presumptions can be altered by express contract provisions); *Stiles*, 335 S.C. at 227, 516 S.E.2d at 451 (Toal, J., concurring) ("Employment in South Carolina has been classified as either for a definite term or at-will.").

discharge under the Contract.[3]  The court of appeals' opinion effectively gives Cunningham an opportunity to make an argument he has never made before.  We hold Cunningham is limited to the allegations in his complaint and his chosen strategy before the trial court.  Because he has not preserved the argument he is an at-will employee, we find the court of appeals' remand erroneous.

## CONCLUSION

Accordingly, we reverse the court of appeals' remand of the case for a determination of whether Cunningham was an at-will employee, and affirm the trial court's grant of summary judgment.

**PLEICONES and KITTREDGE, JJ., concur. BEATTY, J., dissenting in a separate opinion in which TOAL, C.J., concurs.**

---

[3] Cunningham admits as much at the summary judgment hearing when he states that "just because you have a contract doesn't mean you give up the right to sue in court.  They are not the same.  It's not alternative causes of action."

**JUSTICE BEATTY:**  I respectfully dissent.  I would affirm the Court of Appeals' well-reasoned decision.  Like the majority, I would affirm the Court of Appeals on the Breach of Contract and the Payment of Wages Act claims.  I depart from the majority when it asserts that the Court of Appeals erred in remanding the wrongful discharge claim for further consideration.  The majority grounds its conclusion on a perceived failure of Cunningham to argue that he was an at-will employee when he asserted a public policy violation by the County Council.  I view the pleadings and the record differently.

Cunningham's Complaint clearly sets forth a second cause of action entitled "Wrongful Discharge - Public Policy."  Throughout these proceedings, Cunningham has argued that the County had the right to terminate him at any time.  In a County Council meeting and by letter, prior to his termination, Cunningham acknowledged his at-will employment status.  Cunningham told Council members "what I offered was a willingness to continue to work under my current conditions, which is as the Council views it as an at-will employee.  I have no desire to argue that point."  This statement was introduced at trial and considered by the trial judge and the Court of Appeals.

It is important to recognize that, at the time of termination of employment, Cunningham was an acknowledged at-will employee.  Some of the alleged conduct, which violated public policy, took place while he was an at-will employee under the supervision of the new County Council.  Therefore, the Breach of Contract cause of action should have no bearing on the wrongful discharge cause of action even under the majority's view of the claims.  In my view, the majority errs when it conflates the two.

The majority finds significance in Cunningham's statement that "It's not alternative causes of actions."  The majority interprets this statement to mean that Cunningham only advanced one claim, Breach of Contract.  Considering the statement in what I believe to be its proper context, it appears that Cunningham meant that he was making two independent claims and, thus, because one is grounded on a contract for employment for a specific period of time he was not precluded from bringing a wrongful discharge claim as an at-will employee.  Specifically, Cunningham argued "just because you have a contract doesn't mean

you give up the right to sue in court. They are not the same. It's not alternative causes of action. They address very different things. They exist independently of each other."

Moreover, under our jurisprudence, a contract of employment for a determined period of time does not necessarily eliminate at-will employment or vice versa. *See Cape v. Greenville Cnty. Sch. Dist.*, 365 S.C. 316, 319, 618 S.E.2d 881, 883 (2005) ("An employment contract for an indefinite term is presumptively terminable at will, while a contract for a definite term is presumptively terminable only upon just cause. These are mere presumptions, however, which the parties can alter by express contract provisions."); *Prescott v. Farmers Tel. Coop.*, 335 S.C. 330, 335, 516 S.E.2d 923, 925 (1999) ("Of course, an employer and employee may choose to contractually alter the general rule of employment at-will and restrict their freedom to discharge without cause or to resign with impunity."); *Stiles v. Am. Gen. Life Ins. Co.*, 335 S.C. 222, 516 S.E.2d 449 (1999) (holding that an employee under an at-will contract with a thirty-day notice provision may maintain an action for wrongful discharge in violation of public policy); *see also Shivers v. John H. Harland Co.*, 310 S.C. 217, 423 S.E.2d 105 (1992) (recognizing that when an employee is wrongfully discharged under a contract for a definite term, the measure of damages is generally the wages for the unexpired portion of the term, but concluding that trial judge correctly limited employee's recovery to the amount of pay and other benefits the employee would have received during the fifteen-day notice period).

In my view, the record reflects evidence that Cunningham asserted his at-will status, which allows him to pursue a wrongful discharge claim under the public policy exception. However, assuming Cunningham did not argue that he was an at-will employee, the issue is still preserved because of the necessary inference inherent in the claim itself. A wrongful discharge claim premised on the public policy exception necessarily infers that the plaintiff asserts the status of an at-will employee.

It is undisputed that Cunningham was a County employee. Under our jurisprudence, an employment contract may be either at-will or for a determined period of time. County argued, and the trial judge agreed, that Cunningham's contract, for a determined period of time, was void because it attempted to bind a

future County Council.  By operation of law, Cunningham was an at-will employee at the time he was terminated.  As such, his wrongful discharge claim, which was premised on a violation of public policy, survived and should be considered on the merits.

**TOAL, C.J., concurs.**