Justice HEARN.
This case arises from the termination of Michael Cunningham as the county administrator for Anderson County. Cunningham brought this action alleging breach of contract, wrongful discharge, and violation of the Payment of Wages Act. The trial court granted summary judgment in favor of the County on all causes of action. The court of appeals affirmed the trial court on the breach of contract and Payment of Wages claims, but reversed and remanded the wrongful discharge claim. Cunningham v. Anderson Cnty., 402 S.C. 434, 741 S.E.2d 545 (Ct.App.2013). The County contends the court of appeals erred by reversing the trial court’s grant of sum *300 mary judgment on the wrongful discharge claim because Cunningham has never argued he is a noncontractual, at-will employee. We agree and reverse the portion of the court of appeals’ opinion reversing and remanding that claim.[1]
FACTUAL/PROCEDURAL BACKGROUND
During the November 18, 2008 Anderson County Council meeting, the seven member council — three of whom had not been reelected earlier that month — voted 5-2 to enter into a Master Employment Agreement (the Contract) with Cunningham, employing him as the new county administrator. Cunningham signed the Contract for employment the following day. The term of his employment was three years, and the Contract would perpetually renew absent ninety days’ notice. The Contract provided that the administrator “serve[s] at the pleasure of [the council]” and although it indicated that nothing could prevent the council from terminating Cunningham, those terms were subject to other limitations provided in the “Termination and Severance Pay” section. Under that section, the County could only terminate Cunningham for cause if he was convicted of any crime involving personal gain or of moral turpitude; refused to perform the duties of his office; or suffered a serious illness requiring more than ninety days’ absence. If the council terminated Cunningham without cause, he would be entitled to “all pay and financial benefits remaining on his contract for the balance of the contract period” as well as compensation for “all earned sick leave, vacation, holidays, compensatory time and other accrued benefits.” Additionally, the Contract provided that Cunningham would receive “additional severance pay ... based upon the length of his total service to the County, and computed at the rate of one month aggregate compensation under this Agreement for every two years of such service.”
The newly constituted county council, which began serving in January of 2009, immediately passed a resolution condemning the manner in which Cunningham was hired. The new *301 council later offered Cunningham another contract of employment which was expressly at-will and contained none of the “parachute” provisions entitling him to severance for termination without cause, which Cunningham rejected. The council thereafter recommended Cunningham be terminated. Cunningham requested a hearing and upon its conclusion, the council voted 5-2 to terminate him.
Cunningham subsequently brought this action alleging breach of contract, wrongful discharge, and requesting payment under the Payment of Wages Act. He argued he was due severance and sick leave under the Contract, and that he was wrongfully discharged in violation of public policy because he refused to commit the criminal act of discharging employees for political reasons.
The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of the County on all claims. Specifically, it found the contract was unenforceable against the new council and that because Cunningham had never argued he was an at-will employee, he could not claim he was wrongfully discharged in violation of public policy. Cunningham appealed, and the court of appeals affirmed the portion of the trial court’s order finding the Contract unenforceable. Cunningham, 402 S.C. at 450, 741 S.E.2d at 554. However, it reversed and remanded on the issue of wrongful discharge stating the “illegality of [the Contract], ... relegated Cunningham to an at-will status” and he should therefore not be precluded from proceeding on the wrongful discharge claim. Id. at 456, 741 S.E.2d at 557. The County petitioned for a writ of certiorari which the Court granted.
ISSUE PRESENTED
Did the court of appeals err in reversing the trial court’s grant of summary judgment for the County on Cunningham’s claim for wrongful discharge?
STANDARD OF REVIEW
“The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder.” Dawkins v. Fields, 354 S.C. 58, 69, 580 S.E.2d 433, *302 438 (2003) (internal quotation omitted). In reviewing a grant of summary judgment, the Court applies the same standard applied by the circuit court pursuant to Rule 56(c), SCRCP. Stevens & Wilkinson of S.C., Inc. v. City of Columbia, 409 S.C. 568, 576, 762 S.E.2d 696, 700 (2014). Accordingly, summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. When determining whether any triable issues of fact exist, the Court views the evidence and all reasonable inferences that may be drawn in the light most favorable to the non-moving party. Evening Post Pub. Co. v. Berkeley Cnty. Sch. Dist., 392 S.C. 76, 81-82, 708 S.E.2d 745, 748 (2011). To withstand a summary judgment motion in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence. Turner v. Milliman, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011).
LAW/ANALYSIS
The County argues the court of appeals erred in holding Cunningham had alleged a claim for wrongful termination as an alternative to his breach of contract claim. We agree.
The court of appeals affirmed the trial court by holding Cunningham’s Contract was unenforceable against the new county council. However, it reversed and remanded the case for Cunningham to argue he was wrongfully discharged as an at-will employee under the public policy exception. Unlike the trial court, the court of appeals found Cunningham had preserved the argument he was an at-will employee because he submitted a supplemental filing likening his case to Stiles v. American General Life Insurance Co., 335 S.C. 222, 516 S.E.2d 449 (1999). We find a mere reference to the Stiles case in a document filed with the court insufficient to preserve the argument.
In Stiles, the Court addressed a certified question of whether an employee under an at-will contract with a thirty-day notice provision may maintain an action for wrongful discharge in violation of public policy. Id. at 226, 516 S.E.2d at 451. In answering in the affirmative, the Court noted that in *303 this case, “the employee does not have an alternate remedy based on an allegation of wrongful discharge.” Id. The court of appeals accordingly took the reference to Stiles as enough to conclude Cunningham argued he was an at-will employee with a contract.
We disagree with the court of appeals that Cunningham advanced the argument that he was an at-will employee. Initially, the memorandum contains no reference to Cunningham having an at-will status. Although he claims his employment agreement “does not limit the reasons for which Anderson County could terminate [him],” he also repeatedly refers to having a contract for a definite term.[2] Nothing precluded Cunningham from making alternative arguments based on whether he was deemed a contractual or at-will employee; however, he did not do so. In his complaint, Cunningham clearly alleged that his employment was “for a term pursuant to a written agreement.” There is no mention in his pleading that his employment was at-will. Additionally, the trial court specifically found, in its order granting summary judgment in favor of the County, that “[a]t no point in this litigation has Cunningham ever alleged that he was an at-will employee.... ” Cunningham’s assertion that he has always argued he is an at-will employee is belied by his pleadings and significantly, by the trial court’s clear finding to the contrary.
Moreover, there is a distinction between Cunningham arguing he is a noncontractual at-will employee, as the remand would allow, and arguing, as he does before this Court, that he is at-will pursuant to the Contract. Equally as important, any suggestion that Cunningham was claiming at-will status is in *304 direct contravention to the primary thrust of his argument before the trial court: that he was a contract employee and that the County had breached that contract. Cunningham has consistently declined to plead alternatives which might limit his remedy, instead requesting damages for both breach of contract and wrongful discharge under the Contract.[3] The court of appeals’ opinion effectively gives Cunningham an opportunity to make an argument he has never made before. We hold Cunningham is limited to the allegations in his complaint and his chosen strategy before the trial court. Because he has not preserved the argument he is an at-will employee, we find the court of appeals’ remand erroneous.
CONCLUSION
Accordingly, we reverse the court of appeals’ remand of the case for a determination of whether Cunningham was an at-will employee, and affirm the trial court’s grant of summary judgment.
PLEICONES and KITTREDGE, JJ., concur. BEATTY, J., dissenting in a separate opinion in which TOAL, C.J., concurs.

. Cunningham also filed a petition for certiorari, which this Court initially granted. Although we disagree with the County’s contention that Cunningham's petition was untimely, we nevertheless dismiss that writ of certiorari as improvidently granted.

. We recognize the notions of contractual employment and at-will employment are not always mutually exclusive. E.g. Cape v. Greenville Cnty. Sch. Dist., 365 S.C. 316, 319, 618 S.E.2d 881, 883 (2005) (holding the employment contract at issue, while for a definite term, was terminable at-will). Nevertheless without more, a contract for a definite term and an at-will contract are distinct. See id., 365 S.C. at 319, 618 S.E.2d at 883 (holding that an employment contract for an indefinite term is presumptively terminable at-will and a contract for a definite term is presumptively terminable only upon just cause but these presumptions can be altered by express contract provisions); Stiles, 335 S.C. at 227, 516 S.E.2d at 451 (Toal, J., concurring) ("Employment in South Carolina has been classified as either for a definite term or at-will.”).

. Cunningham admits as much at the summary judgment hearing when he states that “just because you have a contract doesn't mean you give up the right to sue in court. They are not the same. It’s not alternative causes of action.”