Justice BEATTY,
dissenting.
I respectfully dissent. I would affirm the Court of Appeals’ well-reasoned decision. Like the majority, I would affirm the Court of Appeals on the Breach of Contract and the Payment of Wages Act claims. I depart from the majority when it asserts that the Court of Appeals erred in remanding the wrongful discharge claim for further consideration. The majority grounds its conclusion on a perceived failure of Cunningham to argue that he was an at-will employee when he asserted a public policy violation by the County Council. I view the pleadings and the record differently.
Cunningham’s Complaint clearly sets forth a second cause of action entitled “Wrongful Discharge — Public Policy.” *305 Throughout these proceedings, Cunningham has argued that the County had the right to terminate him at any time. In a County Council meeting and by letter, prior to his termination, Cunningham acknowledged his at-will employment status. Cunningham told Council members “what I offered was a willingness to continue to work under my current conditions, which is as the Council views it as an at-will employee. I have no desire to argue that point.” This statement was introduced at trial and considered by the trial judge and the Court of Appeals.
It is important to recognize that, at the time of termination of employment, Cunningham was an acknowledged at-will employee. Some of the alleged conduct, which violated public policy, took place while he was an at-will employee under the supervision of the new County Council. Therefore, the Breach of Contract cause of action should have no bearing on the wrongful discharge cause of action even under the majority’s view of the claims. In my view, the majority errs when it conflates the two.
The majority finds significance in Cunningham’s statement that “It’s not alternative causes of actions.” The majority interprets this statement to mean that Cunningham only advanced one claim, Breach of Contract. Considering the statement in what I believe to be its proper context, it appears that Cunningham meant that he was making two independent claims and, thus, because one is grounded on a contract for employment for a specific period of time he was not precluded from bringing a wrongful discharge claim as an at-will employee. Specifically, Cunningham argued “just because you have a contract doesn’t mean you give up the right to sue in court. They are not the same. It’s not alternative causes of action. They address very different things. They exist independently of each other.”
Moreover, under our jurisprudence, a contract of employment for a determined period of time does not necessarily eliminate at-will employment or vice versa. See Cape v. Greenville Cnty. Sch. Dist., 365 S.C. 316, 319, 618 S.E.2d 881, 883 (2005) (“An employment contract for an indefinite term is presumptively terminable at will, while a contract for a definite term is presumptively terminable only upon just cause. *306 These are mere presumptions, however, which the parties can alter by express contract provisions.”); Prescott v. Farmers Tel. Coop., 335 S.C. 330, 335, 516 S.E.2d 923, 925 (1999) (“Of course, an employer and employee may choose to contractually alter the general rule of employment at-will and restrict their freedom to discharge without cause or to resign with impunity.”); Stiles v. Am. Gen. Life Ins. Co., 335 S.C. 222, 516 S.E.2d 449 (1999) (holding that an employee under an at-will contract with a thirty-day notice provision may maintain an action for wrongful discharge in violation of public policy); see also Shivers v. John H. Harland Co., 310 S.C. 217, 423 S.E.2d 105 (1992) (recognizing that when an employee is wrongfully discharged under a contract for a definite term, the measure of damages is generally the wages for the unexpired portion of the term, but concluding that trial judge correctly limited employee’s recovery to the amount of pay and other benefits the employee would have received during the fifteen-day notice period).
In my view, the record reflects evidence that Cunningham asserted his at-will status, which allows him to pursue a wrongful discharge claim under the public policy exception. However, assuming Cunningham did not argue that he was an at-will employee, the issue is still preserved because of the necessary inference inherent in the claim itself. A wrongful discharge claim premised on the public policy exception necessarily infers that the plaintiff asserts the status of an at-will employee.
It is undisputed that Cunningham was a County employee. Under our jurisprudence, an employment contract may be either at-will or for a determined period of time. County argued, and the trial judge agreed, that Cunningham’s contract, for a determined period of time, was void because it attempted to bind a future County Council. By operation of law, Cunningham was an at-will employee at the time he was terminated. As such, his wrongful discharge claim, which was premised on a violation of public policy, survived and should be considered on the merits.
TOAL, C.J., concurs.